IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY GOODMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-CV-1022 |
| v. | ) ) | |
| HANGTIME, INC., a Delaware Corporation, | ) ) | JURY DEMANDED |
| Defendant. | ) ) ) | |

**DEFENDANT HANGTIME, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Hangtime, Inc. ("Defendant" or "Hangtime") hereby answers the class action Complaint of Zachary Goodman and others similarly situated (collectively, "Plaintiff"). Hangtime's responses are made without waiving, and expressly reserving, all rights that Hangtime has to file dispositive motions addressed to some or all of the claims asserted in the Complaint. Except as expressly admitted herein, each and every allegation in the Complaint is denied.

**NATURE OF THE ACTION**

1. Defendant operates an online social networking service. In an attempt to promote its mobile application, Defendant made (or directed to be made on its behalf) unauthorized promotional text message calls to the cellular telephones of consumers throughout the country—without prior consent—in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** Hangtime admits and avers that it has developed a mobile application that allows its users to see their friends' activities. Except as specifically admitted or averred, Hangtime denies each and every allegation contained in paragraph 1 of the Complaint.

2. Neither Plaintiff nor any other member of the putative Class has ever provided Defendant with their cellular telephone numbers, let alone provided it with consent to send them promotional text messages.

**ANSWER:** Hangtime denies each and every allegation of paragraph 2 of the Complaint.

3. By making the unauthorized promotional text message calls at issue, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of unsolicited and harassing text message calls and the monies paid to their wireless carriers for the receipt of such text message calls.

**ANSWER:** Hangtime denies each and every allegation contained in paragraph 3 of the Complaint.

4. On behalf of himself and the putative Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text message call activities alleged herein and an award of statutory damages to Plaintiff and the other members of the putative Class, together with costs and reasonable attorneys' fees.

**ANSWER:** Hangtime admits that Plaintiff purports to bring this action as an individual and on behalf of a class. Hangtime denies each and every remaining allegation contained in paragraph 4 of the Complaint, including that Plaintiff or any purported Class member is entitled to any relief.

## "PARTIES"

5. Plaintiff Zachary Goodman is natural person and citizen of the State of Illinois.

**ANSWER:** Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 5 of the Complaint, and on that basis, denies these allegations.

6. Defendant Hangtime, Inc. is a corporation incorporated in and existing under the laws of the State of Delaware with its principal place of business located at 520 Townsend Street, Suite 300, San Francisco, California 94103. Defendant does business throughout Cook County, the State of Illinois, and the United States.

**ANSWER:** Hangtime admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 520 Townsend Street, Suite 300, San Francisco, California 94103. Hangtime admits and avers that Hangtime users may access Hangtime's application using the internet. Hangtime denies each and every remaining allegation contained in paragraph 6 of the Complaint.

### JURISDICTION AND VENUE

7. The Court has personal jurisdiction over this action pursuant to 735 ILCS 5/2 209(a) because the Defendant conducts business transactions in this State, committed tortious acts within this State, and because Defendant made unauthorized text message calls to Plaintiff in this State.

**ANSWER:** The allegations in paragraph 7 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

8. Venue is proper because Defendant conducts business transactions in Cook County, the causes of action at issue arose in substantial part in Cook County, and Plaintiff Goodman resides in Cook County.

**ANSWER:** The allegations in paragraph 8 of the Complaint contain a conclusion of law to which no response is required. To the extent a response is required, Hangtime denies those allegations, except Hangtime admits and avers that Hangtime users may access the Hangtime application using the internet.

### FACTUAL ALLEGATIONS

9. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk correspondence cheaply. As such, many marketers have turned to disseminating advertisements or promotions through mass SMS messages.

**ANSWER:** Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 9 of the Complaint, and on that basis, denies those allegations.

Paragraph 9, Footnote 1. A "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

**ANSWER:** Hangtime admits that a "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

10. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

**ANSWER:** Hangtime admits that an SMS is a text message directed to a wireless device through the use of the telephone number assigned to the device. Hangtime admits and avers that in circumstances where an SMS is successfully sent to a recipient, the recipient's wireless device may ring or otherwise alert the recipient that the text message has been received. Hangtime denies each and every remaining allegation contained in paragraph 10, including that an SMS is a text message call.

11. Given the relatively low cost associated with sending bulk SMS messages, mobile app developers—such as Hangtime—have turned to this form of advertising in order to promote their services (and in turn, build their user bases).

**ANSWER:** Hangtime admits and avers that it has developed a mobile application that allows its users to see their friends' activities. Except as specifically admitted or avered, Hangtime denies each and every allegation contained in paragraph 11 of the Complaint.

12. In an attempt to market its mobile app and grow its user base, Hangtime engaged in this especially pernicious form of advertising. The details of the campaign are straightforward: each time a user registered for Hangtime on their mobile device (such as a cell phone), Hangtime would "scrape" the cell phone numbers stored in its users' address books and

automatically send pre-programmed promotional text messages *en masse* to such contacts encouraging them to download its application.

**ANSWER:** Hangtime admits and avers that when a user registers with Hangtime, the user provides Hangtime with the cell phone numbers of the user's friends, families, and/or others in the user's address book in order to inform those contacts of the user's activities. Hangtime denies each and every remaining allegation in paragraph 12 of the Complaint, including that Hangtime sent or sends pre-programmed promotional text messages *en masse* to contacts in any Hangtime user's address book.

13. For instance, on or around January 15, 2014, Defendant made (or caused to be made) a promotional text message call to Plaintiff Goodman's cellular telephone.

**ANSWER:** Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 13 of the Complaint, and on that basis, denies those allegations.

14. The text message call originated from a phone number—"(415) 815 3839—that Plaintiff did not recognize. The body of the text message (the "Hangtime Promotional Text") read:

> [Name of Hangtime user] shared
> events with you on
> Hangtime http://
> hangti.me/[hyperlink to Hangtime's website]

**ANSWER:** Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 14 of the Complaint, and on that basis, denies those allegations.

Paragraph 14, Footnote 2. It's also important to note that the phone number that the message was sent from did not belong to the Hangtime user who's name appeared in the text message at issue.

**ANSWER:** Hangtime lacks sufficient information on which to admit or deny the allegations of footnote 2 of the Complaint, and on that basis, denies those allegations.

Paragraph 14, Footnote 3. The name of the Hangtime user that appeared in the body

of the text message has been redacted, along with the hyperlink to Hangtime's website, as it reveals an unrelated consumer's confidential information.

**ANSWER:** Hangtime avers that the information Plaintiff redacted in paragraph 14 of the Complaint contains the name and other identifying information of Plaintiff's personal friend, acquaintance, or relative. Hangtime avers that such redactions are misleading to the extent they suggest that Hangtime, rather than the user, initiated the sending of the SMS. Hangtime denies each and every remaining allegation of footnote 3 of the Complaint.

15. Each Hangtime Promotional Text received by Plaintiff and the other putative Class members were substantially similar in that they all contained a direct hyperlink to Defendant's website, wherein it encouraged consumers to download Defendant's mobile app. These hyperlinks were not specific to the recipient; rather, they directed every recipient to Defendant's main webpage at http://hangti.me.

**ANSWER:** Hangtime admits that it maintains a website that may be accessed using various domains, including the domain "hangti.me." Hangtime lacks sufficient information on which to admit or deny the remaining allegations of paragraph 15 of the Complaint, and on that basis, denies those allegations.

16. Tellingly, if consumers, including Plaintiff or the other putative Class members, navigated to the hyperlink contained in the Hangtime Promotional Text — to see what the purported sender of the text message call supposedly wanted to "share" with them — the effect of Defendant's text message marketing campaign becomes apparent. That is, after consumers clicked on the hyperlink, Defendant would immediately direct them to its webpage (which, at all times relevant, it owned, created, and controlled), wherein the consumer is urged to download Defendant's mobile application.

**ANSWER:** Hangtime admits and avers that a Hangtime user may initiate the sending of an SMS to his or friends about an event either by tapping "Add Friends" or by tapping "Interested" and then choosing the friends who the user wants to receive the message. If a user taps "Add Friends", the user sends a message that includes a link to the user's events on Hangtime. If a user taps "Include Friends", the user sends a message that includes a link to an

event the user thinks his or her friend might like. Except as specifically admitted or averred, Hangtime denies each and every allegation of paragraph 16 of the Complaint.

17. Defendant created the promotional text message program at issue, and maintained control over the manner and means by which such text messages were sent.

**ANSWER:** Hangtime denies each and every allegation contained in paragraph 17 of the Complaint.

18. Defendant made these unauthorized text message calls to consumers to solicit them to register for its service.

**ANSWER:** Hangtime denies each and every allegation contained in paragraph 18 of the Complaint.

19. Because these text messages are unsolicited and unexpected invasions of personal privacy, they have led to significant backlash from consumers.

**ANSWER:** Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 19 of the Complaint, and on that basis, denies those allegations.

Paragraph 19, Footnote 4.   *See, e.g.*, https://getsatisfaction.com/hangtime/topics/hangtime_sms_textmessage_spam (last accessed January 16, 2014); https://www.apptweak.com/hangtime-events/iphone/united-states/app-store-optimization-aso/reviews-ratings/worst/all-versions/570448129#.UtXX5WRDvjA (last accessed January 16, 2014); http://whattheydontteachyouatstanfordbusinessschool.wordpress.com/2013/12/15/hangtime-event-parties-festivals/id570448129?mt=8 (last accessed January 16, 2014).

**ANSWER:** Hangtime lacks sufficient information on which to admit or deny the allegations of footnote 4 of the Complaint, and on that basis, denies those allegations. To the extent footnote 4 alleges any conduct by Hangtime, Hangtime denies those allegations.

20. Plaintiff and other putative Class members did not consent to, request, or otherwise desire or permit Defendant to transmit of make any promotional text message calls to their cellular telephones, including the Hangtime Promotional Text. Defendant does not seek to obtain consent of the recipients to be part of its service, nor is any Hangtime user required or prompted to demonstrate the consent of individuals in his or her address book to receive

promotional messages, or, for that matter, even agree to gain the consent of the those individuals members before text message calls are sent to the them. A consumer's participation in the promotional text messages is "opt-out," meaning that a consumer receives the text messages before ever being given the chance to consent to receive them.

  **ANSWER:** Hangtime denies each and every allegation contained in paragraph 20 of the Complaint.

  21. Moreover, none of the promotional text message calls made by Defendant provided Plaintiff or the other putative Class members with an reasonable opportunity to opt out of receiving future promotional text message calls.

  **ANSWER:** Hangtime denies each and every allegation contained in paragraph 21 of the Complaint.

  22. The promotional text message calls alleged herein were not made by any other individual consumer, but instead, were solely-made by Defendant. In fact, Hangtime users (from which the text messages are supposedly sent from) do not draft or create the Hangtime Promotional Text, are never provided with an opportunity to view or edit the Hangtime Promotional Text, have no knowledge that the Hangtime Promotional text is being sent, and do not take any affirmative action to send the Hangtime Promotional Text.

  **ANSWER:** Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 22 of the Complaint, and on that basis, denies those allegations.

  23. Defendant made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers throughout the United States.

  **ANSWER:** Hangtime denies each and every allegation contained in paragraph 23 of the Complaint.

  24. In making the Hangtime Promotional Texts at issue in this Complaint, Defendant utilized an automatic telephone dialing-system. Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*; in automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

  **ANSWER:** The allegations in paragraph 24 of the Complaint contain conclusions of

ACTIVE/71857129.1    8

law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

25. Defendant was and is aware that these above described Hangtime Promotional Texts were and are being made without the prior express of the recipients to receive them.

**ANSWER:** Hangtime avers that paragraph 25 of the Complaint is unclear as to what is meant by "prior express of the recipients." To the extent "prior express of the recipients" refers to the prior express consent of the recipients, it is a conclusion of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

## CLASS ALLEGATIONS

26. **Class Definition**. Plaintiff Goodman brings this action pursuant to 735 ILCS 5/2¬801 on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All persons in the United States who received the Hangtime Promotional text. Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released, and (5) the legal representatives, successors, or assigns of any such excluded person.

**ANSWER:** Hangtime admits that Plaintiff purports to bring this action as an individual and on behalf of a class. The remaining allegations in paragraph 26 of the Complaint contain a conclusion of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

27. **Numerosity**. The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has made unauthorized promotional text message calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

**ANSWER:** The allegations in paragraph 27 of the Complaint contain a conclusion of

law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

28. **Commonality and Predominance**. There are many questions of law and fact common to the claims of Plaintiff and the other putative Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct violates the TCPA;
(b) whether the equipment Defendant used to make the Hangtime Promotional Texts was capable of dialing phone numbers from a list without human intervention;
(c) whether the equipment Defendant used to make the Hangtime Promotional Texts had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers;
(d) whether the equipment Defendant used to make the Hangtime Promotional Texts was an automatic telephone dialing system as contemplated by the TCPA;
(e) whether members of the Class provided their prior express consent to receive the Hangtime Promotional Texts; and
(e) [sic] whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** The allegations in paragraph 28 of the Complaint contain a conclusion of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

29. **Adequate Representation**. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action, on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

**ANSWER:** The allegations in paragraph 29 of the Complaint contain a conclusion of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

30. **Appropriateness**. This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendant. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits, of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

**ANSWER:** The allegations in paragraph 30 of the Complaint contain a conclusion of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

31. Plaintiff reserves the right to revise the foregoing class allegations and class definition based on facts learned in discovery.

**ANSWER:** The allegations in paragraph 31 of the Complaint contain a conclusion of law as to which no response is required. To the extent a response is required, Hangtime denies those allegations.

### FIRST CAUSE OF ACTION

32. Plaintiff incorporates the foregoing allegations as if fully alleged herein.

**ANSWER:** Hangtime incorporates its above responses to paragraphs 1-31 (and footnotes 1-4) of the Complaint as though fully set forth herein.

33. Defendant made unsolicited text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class *en masse* without their prior express consent.

**ANSWER:** The allegations in paragraph 33 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies

those allegations.

34.     Defendant and/or its agents made the Hangtime Promotional Text call using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. Defendant and/or its agents utilized equipment that made, text message calls to Plaintiff and other members of the Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

**ANSWER:**    The allegations in paragraph 34 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

35.     By making, or having made on its behalf, the unsolicited Hangtime Promotional Texts to Plaintiff and the Class Defendant has violated 47 U.S.C. §227(b)(l)(A)(iii). As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited text message calls op their cellular phones and under section 227(b)(3)(B) are each entitled to *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

**ANSWER:**    The allegations in paragraph 35 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations. Hangtime further denies that Plaintiff or any purported Class member is entitled to any relief.

36.     Because Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

**ANSWER:**    The allegations in paragraph 36 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations. Hangtime further denies that Plaintiff or any purported Class member is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiff's Complaint, Hangtime alleges the following Affirmative Defenses based on information and belief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Hangtime upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Hangtime are barred by the doctrine of waiver and other equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties, without whom, in equity and fairness, this action should not proceed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because Plaintiff lacks standing to assert the claims alleged in this action. Plaintiff further lacks standing to pursue claims for injunctive relief because there is no risk of future injury.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Hangtime are barred, in whole or in part, because the damages or injury allegedly suffered by Plaintiff would be the proximate result, either in whole or part, of acts or omissions of persons or entities other than Hangtime.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters

alleged in the Complaint and, pursuant to the doctrines of assumption of the risk and/or informed consent, such conduct bars, in whole or in part, the damages that Plaintiff seeks to recover herein.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages, as a result of the alleged conduct of Hangtime.

## EIGHTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on his behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Hangtime to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Hangtime.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to the receipt of the alleged text message or text messages within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged text message or text messages at issue are excepted from and/or do not fall within the purview of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met.

## TWELFTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because individual issues predominate over issues common to the class, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## THIRTEENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

## PRAYER FOR RELIEF

Having responded to the allegations of Plaintiff's Complaint as set forth above, Hangtime denies that Plaintiff is entitled to any relief sought in his PRAYER FOR RELIEF, and requests that the Court (1) order that Plaintiff takes nothing by the Complaint and dismiss the Complaint with prejudice; (2) enter judgment in Hangtime's favor; (3) award Hangtime its costs of suit and attorneys' fees; and (4) award Hangtime any other relief as the Court deems just and proper.

## JURY DEMAND

Hangtime respectfully requests a trial by jury on all jury-triable issues in Plaintiff's Complaint.

Date: March 31, 2014 Respectfully submitted,

/s/ Louis D. Bernstein
Louis D. Bernstein
*lbernstein@law-ldb.com*
Michael P. McBride
*mmcbride@law-ldb.com*
350 N. Clark Street, Suite 400
Chicago, IL 60654
Tel: (312) 645-6090
Fax: (312) 780-0703

Patrick S. Thompson (*pro hac vice*)
*pthompson@goodwinprocter.com*
Hong-An Vu (*pro hac vice*)
*hvu@goodwinprocter.com*
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: (415) 733-6000
Fax.: (415) 677-9041

*Attorneys for Defendant
HANGTIME, INC.*

## **CERTIFICATE OF SERVICE**

      I, Louis D. Bernstein, an attorney, certify that on March 31, 2014, I caused to be filed Defendant Hangtime, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint, which was served upon all parties of record by the CM/ECF system.

                                          /s/ Louis D. Bernstein