IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZACHARY GOODMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANGTIME, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 14-cv-1022<br><br>Hon. Elaine E. Bucklo |

## REPORT OF PARTIES' PLANNING MEETING

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held telephonically on Monday, May 12, 2014 and was attended by:

   Rafey S. Balabanian and John C. Ochoa for Plaintiff Zachary Goodman ("Plaintiff"), and

   Patrick S. Thompson and April Sun for Defendant Hangtime, Inc. ("Hangtime").

2. **Pretrial Schedule.** The parties jointly propose to the court the following discovery plan:

   Plaintiff to amend pleadings by **August 11, 2014**.

   Plaintiff to add any additional parties by **August 11, 2014**.

   Defendant to amend pleadings by **August 11, 2014**.

   Defendant to add any additional parties by **August 11, 2014**.

3. **Discovery.** Plaintiff anticipates that written and oral discovery will be needed on the following non-exhaustive subjects: (1) whether Hangtime (or its agents) placed one or more promotional text message calls to Plaintiff and the putative Class; (2) the manner in which such promotional text message calls were made; (3) whether the equipment Hangtime (or its agents) used to make the promotional text message calls in question constitutes an automatic telephone

dialing system ("ATDS") as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; (4) whether Hangtime received Plaintiff's or the putative Class members' prior express consent before making such promotional text message calls to their cellular telephones; (5) the manner in which Hangtime obtained Plaintiff's and the putative Class members' cellular phone numbers; (6) whether Hangtime's conduct was willful; and (7) the number of individuals in the putative Class.

Defendant anticipates that written and oral discovery will also be needed on the following non-exhaustive subjects: (1) whether Plaintiff has any factual basis for the contention that Hangtime uses an automatic telephone dialing system within the meaning of the TCPA; (2) whether Plaintiff gave consent to Hangtime or Hangtime users prior to receiving the text message at issue; (3) the identity of the Hangtime user from whom Plaintiff received the text message; (4) whether the Hangtime user from whom Plaintiff received the text message is Plaintiff's relative, friend, or acquaintance, or is otherwise known to the Plaintiff; and (5) whether Plaintiff suffered any damages as a result of receiving the text message.

(a) Disclosures pursuant to Fed. R. Civ. P. (26)(a)(1) to be made by **July 2, 2014**. Fact discovery to be commenced in time to be completed by **January 26, 2015**.

(b) The parties expect that each side will require approximately five depositions.

(c) Reports from retained experts under Rule 26(a)(2) due:

Date for Plaintiff to comply with FRCP 26(a)(2): **February 2, 2015**
Date for Defendant to comply with FRCP 26(a)(2): **March 2, 2015**
All expert discovery to be completed by **March 30, 2015**.

(d) All potentially dispositive motions should be filed by **April 27, 2015**. Plaintiff's Amended Class Certification Motion to be filed by **November 24, 2014**.

(e) Final pretrial order: Plaintiff to prepare proposed draft by **June 22, 2015**; parties to file joint final pretrial order by **July 20, 2015**.

(f) The case should be ready for trial by **August 3, 2015** and at this time is expected to take approximately 5-7 days.

4. **Other Pending Cases and Possible MDL.** At this time, there are two other cases pending against Hangtime alleging near-identical claims as the instant action: *Sims v. Hangtime, Inc.*, 14-cv-10427 (D. Mass.), filed February 25, 2014, and *Salam v. Hangtime, Inc.*, 14-cv-01252 (N.D. Ill.), filed February 19, 2014. Both *Sims* and *Salam* were filed after the instant action was removed to federal court. On or before June 16, 2014, Hangtime intends to seek MDL consolidation of the pending actions. Hangtime believes these matters should be consolidation in the interests of judicial economy and efficient use of the parties' resources. For reasons that Hangtime will develop in its MDL papers, Hangtime will seek to transfer of these actions to the Northern District of California.

5. **Settlement.** Per the Court's Standing Order, Plaintiff issued a written settlement demand to Hangtime on May 21, 2014. Hangtime responded in writing to Plaintiff's settlement demand on May 22, 2014.

6. **Consent.** Parties do not consent unanimously to proceed before a Magistrate Judge.

Respectfully submitted,

ZACHARY GOODMAN, individually and on behalf of a class of similarly situated individuals

Dated: June 4, 2014

By: /s/ John C. Ochoa
      One of Plaintiff's Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
Mark S. Eisen
meisen@edelson.com

EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiffs and the Class*


HANGTIME, INC.

Dated: June 4, 2014

By: /s/ Patrick S. Thompson
Patrick S. Thompson (Admitted *Pro Hac Vice*)
pthompson@goodwinprocter.com
Hong-An Vu (Admitted *Pro Hac Vice*)
hvu@goodwinprocter.com
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel: (415) 733-6000
Fax: (415) 677-9041

Louis D. Bernstein
lbernstein@law-lbd.com
Michael P. McBride
mmcbride@law-lbd.com
350 N. Clark Street, Suite 400
Chicago, IL 60654
Tel: (312) 645-6090
Fax: (312) 780-0703

*Counsel for Defendant Hangtime, Inc.*

4

**CERTIFICATE OF SERVICE**

      I, John C. Ochoa, an attorney, hereby certify that on June 4, 2014, I served the above and foregoing *Report of Parties' Planning Meeting*, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF system on June 4, 2014.

      /s/ John C. Ochoa