IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZACHARY GOODMAN, and DERRICK SIMS, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-01022 |
| | Hon. Elaine E. Bucklo |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| HANGTIME, INC., a Delaware corporation, and BUC MOBILE, INC. d/b/a HOOK MOBILE, a Delaware corporation, | |
| Defendants. | |

**CONSOLIDATED CLASS ACTION COMPLAINT**

Plaintiffs Zachary Goodman and Derrick Sims ("Plaintiffs") bring this Consolidated Class Action Complaint against Defendants Hangtime, Inc. ("Hangtime") and Buc Mobile, Inc. d/b/a Hook Mobile ("Hook Mobile") to stop their practice of making unauthorized promotional text message calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiffs, for their Consolidated Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**NATURE OF THE ACTION**

1. Hangtime operates an online social networking service. In an attempt to promote its mobile application, Hangtime made (or directed its marketer, Hook Mobile, to make on its behalf) unauthorized promotional text message calls to the cellular telephones of consumers throughout the country—without prior consent—in violation of the Telephone Consumer

1

Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Neither Plaintiffs nor any other member of the putative Class has ever provided Defendants with their cellular telephone numbers, let alone provided them with consent to send them promotional text messages.

3. By making the unauthorized promotional text message calls at issue, Defendants caused Plaintiffs and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of unsolicited and harassing text message calls and the monies paid to their wireless carriers for the receipt of such text message calls.

4. On behalf of themselves and the putative Class, Plaintiffs seek an injunction requiring Defendants to cease all unauthorized text message call activities alleged herein and an award of statutory damages to Plaintiffs and the other members of the putative Class, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Zachary Goodman is natural person and citizen of the State of Illinois.

6. Plaintiff Derrick Sims is a natural person and citizen of the Commonwealth of Massachusetts.

7. Defendant Hangtime, Inc. is a corporation incorporated in and existing under the laws of the State of Delaware with its principal place of business located at 520 Townsend Street, Suite 300, San Francisco, California 94103. Defendant does business throughout Cook County, the State of Illinois, and the United States.

8. Defendant Buc Mobile, Inc. d/b/a Hook Mobile is a corporation incorporated in and existing under the laws of the State of Delaware with its principal place of business located

at 1593 Spring Hill Road, Suite 540, Vienna, Virginia 22182. Defendant does business throughout Cook County, the State of Illinois, and the United States.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as the action arises under the TCPA—a federal statute. This Court has personal jurisdiction over Defendants because Defendants conduct significant business in this District, solicit consumers in this District, and made (or directed to be made on their behalf) unauthorized text message calls to putative Class members located in this District.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conduct significant business transactions in this District, solicit consumers in this District, and made (or directed to be made on their behalf) unauthorized text message calls to putative Class members located in this District.

## COMMON FACTUAL ALLEGATIONS

11. In recent years, marketers who have often felt stymied by federal laws limiting telephone, facsimile, and e-mail solicitation have increasingly looked to new and alternative technology platforms for ways to conduct cost-effective mass marketing campaigns. As a result, many marketers have turned to disseminating advertisements and promotional messages through bulk SMS[1] messages.

12. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being

---

[1] A "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

3

received.

13.     Given the relatively low cost of sending bulk SMS messages, mobile application developers—like Hangtime—have turned to this form of advertising in order to promote their service and build their user base, hoping to attract more investors and potential buyers.

14.     In an attempt to promote its mobile application and grow its user base, Hangtime engaged in an especially pernicious form of advertising. The details of the campaign are straightforward: each time a user registered for Hangtime on his or her mobile device (such as a cell phone), Hangtime would "scrape" the cell phone numbers stored in the user's address book and automatically send pre-programmed promotional text messages *en masse* to such contacts encouraging them to download the Hangtime application.

15.     For instance, on or around December 29, 2013, Hangtime made and/or directed Hook Mobile to make on its behalf a promotional text message call to Plaintiff Sims's cellular telephone.

16.     The text message call originated from a phone number—"(415) 815-3107"—that Plaintiff Sims did not recognize. The body of the text message ("Hangtime Promotional Text") read:

> [Name of Hangtime user][2] shared
> events with you on
> Hangtime http://
> hangti.me/[hyperlink to Hangtime's website][3]

17.     Similarly, on or around January 15, 2014, Hangtime made and/or directed Hook

---

[2]     It's important to note that the phone number that the message was sent from did not belong to the Hangtime user whose name appeared in the text message at issue, but rather, was sent by Hangtime (or by Hook Mobile at Hangtime's direction).

[3]     The name of the Hangtime user that appeared in the body of the text message has been redacted, along with the hyperlink to Hangtime's website, as it reveals an unrelated consumer's confidential information.

Mobile to make on its behalf a promotional text message call to Plaintiff Goodman's cellular telephone.

18. The text message call originated from a phone number—"(415) 815-3839"—that Plaintiff Goodman did not recognize. Likewise, the body of the Hangtime Promotional Text read:

> [Name of Hangtime user] shared
> events with you on
> Hangtime http://
> hangti.me/[hyperlink to Hangtime's website]

19. Each Hangtime Promotional Text received by Plaintiffs and the other putative Class members were substantially similar in that they all contained a direct hyperlink to Hangtime's website, which encouraged recipients to download Hangtime's mobile application. These hyperlinks were not unique to each recipient; rather, they directed every recipient to Defendant's main webpage at http://www.hangti.me.

20. Tellingly, when recipients (including Plaintiffs and the other putative Class members) navigated to the hyperlink contained in the Hangtime Promotional Text—to see what the purported sender of the text message call supposedly wanted to "share" with them—the intended effect of Defendants' text message marketing campaign became readily apparent. That is, when recipients clicked on the hyperlink, they were immediately directed to Hangtime's webpage (which, at all relevant times, was owned, created, and controlled by Hangtime) where they were urged to download Hangtime's mobile application.

21. Defendants created the promotional text message campaign at issue and maintained control over the manner and means by which such text messages were sent.

22. Defendants made these unauthorized text message calls to consumers to solicit them to register for Hangtime's service and download its mobile application.

5

23. Because these text messages were unsolicited and unexpected invasions of personal privacy, they have led to significant backlash from consumers.[4]

24. Plaintiffs and other putative Class members did not consent to, request, desire, or otherwise permit Defendants to transmit or make any promotional text message calls to their cellular telephones, including the Hangtime Promotional Text. Defendants do not seek to obtain consent of the recipients to be part of its service, nor is any Hangtime user required or prompted to demonstrate consent from the individuals in his or her address book to receive such text message advertisements. For that matter, Hangtime users did not even agree to acquire the consent of these individuals before Defendants sent such text message advertisements. In fact, Hangtime's users were completely unaware that Defendants were sending promotional text messages to the cell phone numbers in their contact lists.

25. Moreover, none of the promotional text message calls made by Defendants provided Plaintiffs or the other putative Class members with a reasonable opportunity to opt out of receiving future promotional text message calls.

26. The promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were entirely made by Defendants. In fact, Hangtime users (from whom the text messages were supposedly sent) did not draft nor create the Hangtime Promotional Text, were never provided with an opportunity to view or edit the Hangtime Promotional Text, had no knowledge that the Hangtime Promotional Text was being sent, and did not take any affirmative action to send the Hangtime Promotional Text.

---

[4] *See, e.g.*, https://getsatisfaction.com/hangtime/topics/hangtime_sms_textmessage_spam (last accessed October 31, 2014); https://www.apptweak.com/hangtimeevents/iphone/united-states/app-marketing-app-store-optimization-aso/reviews-ratings/worst/allversions/570448129#.UtXX5WRDvjA (last accessed October 31, 2014); http://whattheydontteachyouatstanford businessschool.wordpress.com/2013/12/15/hangtime-app-spam-415-815-0365/ (last accessed October 31, 2014).

27. Defendants made the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers throughout the United States.

28. In making the Hangtime Promotional Texts at issue, Defendants utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendants had the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

29. Defendants were and are aware that these above described Hangtime Promotional Texts were and are being made without the prior express consent of the recipients to receive them.

## CLASS ALLEGATIONS

30. **Class Definition**. Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) on behalf of themselves and a Class of similarly situated individuals, defined as follows:

All persons in the United States who received the Hangtime Promotional Text. Excluded from the Class are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released, and (5) the legal representatives, successors, or assigns of any such excluded person.

31. **Numerosity**. The exact number of Class members is unknown and not available

to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Defendants have made unauthorized promotional text message calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendants' records.

32. **Commonality and Predominance**. There are many questions of law and fact common to the claims of Plaintiffs and the other putative Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendants' conduct violates the TCPA;

(b) whether the equipment Defendants used to make and/or send the Hangtime Promotional Texts was capable of dialing phone numbers from a list without human intervention;

(c) whether the equipment Defendants used to make and/or send the Hangtime Promotional Texts had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers;

(d) whether the equipment Defendants used to make and/or send the Hangtime Promotional Texts was an automatic telephone dialing system as contemplated by the TCPA;

(e) whether members of the Class provided their prior express consent to receive the Hangtime Promotional Texts; and

(f) whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

33. **Typicality**: Plaintiffs' claims are typical of the claims of other members of the

Class, in that Plaintiffs and the other Class members sustained damages arising out of Defendants' uniform wrongful conduct and unauthorized text message calls.

34. **Adequate Representation**. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class and Defendants have no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply to and affect members of the Class uniformly, and Plaintiffs' challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs. The factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to the Plaintiffs and to all of the other members of the Class. Plaintiffs and the other members of the Class have suffered similar harm and damages as a result of Defendants' unlawful and wrongful conduct.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the

individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

37. Plaintiffs reserve the right to revise the foregoing class allegations and class definition based on facts learned in discovery.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

38. Plaintiffs incorporate the foregoing allegations as if fully alleged herein.

39. Defendants made unsolicited text message calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Class *en masse* without their prior express consent.

40. Defendants and/or their agents made the Hangtime Promotional Text calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. Defendants and/or their agents utilized equipment that made text message calls to Plaintiffs and other members of the Class

10

simultaneously and without human intervention. The telephone dialing equipment utilized by Defendants and/or their agents, which is substantially similar to a predictive dialer, dialed numbers from a list or dialed numbers from a database of telephone numbers in an automatic and systematic manner.

41. By making, or having made on their behalf, the unsolicited Hangtime Promotional Texts to Plaintiffs and the Class, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' unlawful conduct, Plaintiffs and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited text message calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

42. Because Defendants' misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiffs and the other members of the putative Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Zachary Goodman and Derrick Sims, on behalf of themselves and the Class, respectfully request that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Zachary Goodman and Derrick Sims as Class Representatives, and appointing their counsel as Class Counsel;

B. Awarding actual and statutory damages;

C. Requiring Defendants to cease all unauthorized text message activities, and otherwise protecting the interests of Plaintiffs and the Class;

D. Awarding reasonable attorneys' fees and costs; and

11

E.  Awarding such other and further relief that the Court deems reasonable and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

**ZACHARY GOODMAN** and **DERRICK SIMS**, individually and on behalf of all others similarly situated,

Dated: October 31, 2014

By: /s/ John C. Ochoa
One of Plaintiffs' Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

David Pastor*
dpastor@pastorlawoffice.com
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110
Tel: 617.742.9700
Fax: 617.742.9201

Preston W. Leonard*
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, LLP
139 Charles Street, Suite A121
Boston, Massachusetts 02114
Tel: 617.329.1295

William M. Sweetnam
SWEETNAM LLC
100 North LaSalle Street, Suite 1010
Chicago, Illlinois 60602

12

Tel: 312.757.1888
Fax: 312.754.8090

Katrina Carroll
kcarroll@litedepalma.com
LITE DEPALMA GREENBERG, LLC
One South Dearborn
Suite 1200
Chicago, Illinois 60603
Tel: 312.212.4383
Fax: 312.212.5919

*Pro Hac Vice* admission to be sought.

*Counsel for Plaintiffs Zachary Goodman and Derrick Sims and the putative Class*

**CERTIFICATE OF SERVICE**

      I, John C. Ochoa, an attorney, hereby certify that on October 31, 2014, I served the above and foregoing *Consolidated Class Action Complaint and Demand for Jury Trial*, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on this 31st day of October 2014.

                                                  /s/ John C. Ochoa