UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY GOODMAN and DERRICK SIMS, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 14-CV-1022 |
| Plaintiffs, | ) ) | |
| | ) | Judge Elaine E. Bucklo |
| v. | ) ) | Mag. Judge Arlander Keys |
| HANGTIME, INC., a Delaware corporation, and BUC MOBILE, INC. dba HOOK MOBILE, INC., a Delaware corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF PATRICK S. THOMPSON IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE CLASS ALLEGATIONS**

I, Patrick S. Thompson, hereby declare and state as follows:

1.      I am a member of the bar of the State of California, and the law firm Goodwin

Procter LLP.  I am among counsel of record for Defendant Hangtime, Inc. ("Hangtime" or

"Defendant") in this action (the "Illinois Action").  I have personal knowledge of the facts as set

forth below, and if called as a witness, I could and would competently testify to them.

2.      In addition to this matter, I am among counsel of record for Hangtime in *Kozlow*

*v. Hangtime, Inc.*, 3:14-cv-2249 (N.D.Cal.), filed May 15, 2014 (the "Kozlow Action"), another

putative nationwide TCPA class action based on text messages sent by Users using the Hangtime

App.

3.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff Zachary

Goodman's Answers to Defendant Hangtime, Inc.'s First Set of Interrogatories, dated November

12, 2014.  The interrogatories sought information about the identity of the Hangtime User

referenced in the complaint. The name of the Hangtime User was redacted by Goodman in his original complaint, *see* ECF no. 1, and in subsequent amendments to the complaint, *see* ECF No. 46. Although Goodman specifically used the term Hangtime User in the complaint (Consolidated Complaint, ECF No. 46, at paragraph 18), Goodman objected to nearly all of the interrogatories, asserting that the term "Hangtime User" is vague and ambiguous. Because he contends the term "Hangtime User" is vague, Goodman refused to provide substantive answers to interrogatories seeking information about his relationship with the person whose identity he redacted in the complaint.

4.      Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff Derrick Sims['] Answers to Defendant Hangtime, Inc.'s First Set of Interrogatories, dated November 12, 2014. In the same manner as his counterpart Mr. Goodman, Sims objects to nearly all of the interrogatories, asserting that the term "Hangtime User" is vague and ambiguous, even though he alleges that he redacted the name of the Hangtime User in the Consolidated Class Action Complaint, ECF No. 46, at paragraph 16. In contrast to Goodman, however, Sims identified Mikey Leftside as the Hangtime User who shared events with him on Hangtime in his original complaint.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Class Action Complaint filed in *Sims v. Hangtime, Inc.*, 1:14-cv-10427-RWZ (D. Mass.), filed February 26, 2014, at paragraph 15. In response to Hangtime's interrogatories, Sims did not answer questions seeking information about Mr. Leftside or the redacted Hangtime User.

6.      Attached hereto as **Exhibit D** is a true and correct copy Defendant Hangtime, Inc.'s First Set of Interrogatories, served on Ismael Salam on October 10, 2014. Salam refused to provide responses to Defendant's interrogatories.

7.      Attached hereto as **Exhibit E** is a true and correct copy of Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories and verification in the Illinois Action, dated August 16, 2014. These interrogatory responses describe how the Hangtime App works, how Hangtime Users select the persons whom they want to text, how Hangtime Users send texts with the App, and terms of service relevant to the issue of consent.

8.      Attached hereto as **Exhibit F** is a true and correct copy of the Proprietary Version of Defendant Hangtime, Inc.'s Objections and Responses to Plaintiff Emily Kozlow's First Set of Interrogatories and verification in the Kozlow Action, dated September 22, 2014. I understand that one of my colleagues served a public version of these interrogatory responses on counsel for Goodman and Sims on September 22, 2014. Counsel for Kozlow were also served the attached proprietary version because they had proposed and stipulated to entry of a protective order. Counsel for Goodman, Sims and Salam have not proposed any protective order in this action. In Exhibit F, Hangtime provides proprietary data relating to the number of text messages attempted by Hangtime Users and the number of text message recipients who viewed the sender's profile, downloaded the Hangtime App, and/or sent their own text messages using the Hangtime App to other friends and family. Of the millions of text messages Hangtime Users have attempted to transmit, recipients viewed the sender's profile or event page about a third of the time. After viewing the profile or event posted by a friend or family member, about ten percent of those message recipients downloaded the Hangtime App. As of September 2014, thousands of text message recipients had downloaded and used the Hangtime App to send their own text message notifications or invitations to their friends.

I declare under penalty of perjury under the laws of the United States and the States of California and Illinois that the foregoing is true and accurate.

FURTHER AFFIANT SAYETH NAUGHT.


Executed this 14th day of November 2014, at San Francisco, California

_____
Patrick S. Thompson

BLESILDA BELARMINO NAGUIT
Commission # 2077868
Notary Public - California
San Francisco County
My Comm. Expires Sep 11, 2018

# California Jurat

**State of California**

**County of** _San Francisco_    s.s.

Subscribed and sworn to (or affirmed) before me on this _14th_ day of _November_,

20 _14_, by _PATRICK SHAWN THOMPSON_ and
<small>Name of Signer (1)</small>

_____, proved to me on the basis of
<small>Name of Signer (2)</small>

satisfactory evidence to be the person(s) who appeared before me.

_Blesilda Belarmino Naguit_
<small>Signature of Notary Public</small>

BLESILDA BELARMINO NAGUIT
Commission # 2077868
Notary Public - California
San Francisco County
My Comm. Expires Sep 11, 2018

<small>Seal</small>

<small>For other required information (Notary Name, Commission No. etc.)</small>

─────────── OPTIONAL INFORMATION ───────────

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The certificate is attached to a document titled/for the purpose of

_Affidavit of Patrick Thompson re: Hantman's Re: Motion to Strike_

containing _5_ pages, and dated _14 Nov., 2014_

### Additional Information

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
● form(s) of identification ○ credible witness(es)

_CA Driver's License_

Notarial event is detailed in notary journal on:

Page # _19_ Entry # _8_

Notary contact: _Blesilda Belarmino Naguit_

Other _____

☐ Affiant(s) Thumbprint(s)   ☐ Describe: _____

© 2010 Notary Learning Center - All Rights Reserved

## <u>CERTIFICATE OF SERVICE</u>

  I, Patrick S. Thompson, an attorney, certify that on November 17, 2014, I filed the AFFIDAVIT OF PATRICK S. THOMPSON IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS, which was served upon all parties of record by the CM/ECF system. The sealed document will be mailed.


        _____ /s/ Patrick S. Thompson_____

          Patrick S. Thompson

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ZACHARY GOODMAN and DERRICK
SIMS, individually and on behalf of a class of
similarly situated individuals,

                   Plaintiffs,

     v.

HANGTIME, INC., a Delaware Corporation,
and BUC MOBILE, Inc. d/b/a HOOK
MOBILE, a Delaware corporation,

                   Defendants.

Case No. 14-cv-1022

[Hon. Elaine E. Bucklo]

## PLAINTIFF ZACHARY GOODMAN'S ANSWERS TO
## DEFENDANT HANGTIME, INC.'S FIRST SET OF INTERROGATORIES

Plaintiff Zachary Goodman ("Plaintiff"), for his answers to Defendant Hangtime, Inc.'s

("Hangtime") First Set of Interrogatories, states as follows:

### *Responses to Interrogatories*

## INTERROGATORY NO. 1

Identify the Hangtime User who sent the text message to You as alleged in the complaint.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that the term "Hangtime

User" is undefined and therefore vague and ambiguous. Plaintiff further objects to this

Interrogatory on the basis that it seeks information that is not relevant or reasonably calculated to

lead to the discovery of admissible evidence. Plaintiff also objects on the bases that this

Interrogatory assumes facts not in evidence and is based on a false premise—Plaintiff did not

allege that any "Hangtime User" sent him any text messages. Rather, Plaintiff alleges that

Hangtime and its co-Defendant, Buc Mobile, Inc. ("Buc Mobile"), sent the text message at issue

1

to his cell phone. *See* Consolidated Class Action Complaint ("Complaint"), ¶¶ 17-18, 21-22, 24-25. In fact, Plaintiff specifically alleges that "the promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were made entirely by Defendants." *Id.* ¶ 26. This Interrogatory is, therefore, unintelligible in light of the allegations in the Complaint, and Plaintiff is unable to respond to it.

      \*        \*        \*        \*        \*

## INTERROGATORY NO. 2

Identify all Telephone Calls received by You from the Person You identified in response to Interrogatory No. 1.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 1, including all objections raised in response thereto. Plaintiff is unable to respond to this Interrogatory because the Complaint does not allege that any "Hangtime User" sent him the text message at issue. *See* Complaint at ¶¶ 17-18, 21-22, 24-25; *see also id.* at ¶ 26 ("the promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were made entirely by Defendants").

      \*        \*        \*        \*        \*

## INTERROGATORY NO. 3

Describe your relationship with the Person You identified in response to Interrogatory No. 1.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 1, including all objections raised in response thereto. Plaintiff is unable to respond to this Interrogatory because the Complaint does not allege that any "Hangtime User" sent him the text message at issue. *See* Complaint at ¶¶ 17-18, 21-22, 24-25; *see also id.* at ¶ 26 ("the promotional text message calls

alleged herein were not made by any individual Hangtime users, but instead, were made entirely by Defendants").

*       *       *       *       *

**INTERROGATORY NO. 4**

Identify all electronic mail messages that You have received from the Person You identified in response to Interrogatory No. 1.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 1, including all objections raised in response thereto. Plaintiff is unable to respond to this Interrogatory because the Complaint does not allege that any "Hangtime User" sent him the text message at issue. *See* Complaint at ¶¶ 17-18, 21-22, 24-25; *see also id.* at ¶ 26 ("the promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were made entirely by Defendants").

*       *       *       *       *

**INTERROGATORY NO. 5**

Identify all telephone calls from You to the Person You identified in response to Interrogatory No. 1.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 1, including all objections raised in response thereto. Plaintiff is unable to respond to this Interrogatory because the Complaint does not allege that any "Hangtime User" sent him the text message at issue. *See* Complaint at ¶¶ 17-18, 21-22, 24-25; *see also id.* at ¶ 26 ("the promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were made entirely by Defendants").

*       *       *       *       *

**INTERROGATORY NO. 6**

State your cellular telephone number(s) for the past four years.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that its temporal scope of four years is overbroad given that the text message at issue was sent to Plaintiff on January 15, 2014. *See* Complaint at ¶ 17.

Subject to and without waiving this objection, Plaintiff states that his cellular telephone number is 248-763-6009.

    *    *    *    *    *

**INTERROGATORY NO. 7**

State all facts to support your allegation that Hangtime transmitted text messages using an automated telephone dialing system.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that it seeks information protected by the attorney-client privilege and attorney-work product doctrine. Plaintiff further objects to this Interrogatory on the basis that the information sought is within the possession, custody, or control of Defendants or their agents because they have access to and control over the equipment and technology that was used to make the text message calls at issue in this case, and therefore is easily discoverable from Defendants' own records and/or the records of its agents. Plaintiff also objects to this Interrogatory to the extent that it calls for a conclusion of law with respect to term "automatic telephone dialing system" for purposes of 47 U.S.C. § 227(b)(1)(iii).

Subject to and without waiving these objections, Plaintiff states that on or around January 15, 2014, he received an unauthorized promotional text message from Hangtime via a phone number (*i.e.*, "(415) 815-3839") that Plaintiff did not recognize. That text message contained a

generic advertisement for Hangtime's service. Moreover, thousands of other individuals received virtually identical text messages from Hangtime. *See, e.g.,* Complaint at ¶¶ 23, fn. 4, 27. Plaintiff believes that additional evidence and/or expert testimony will confirm that the system used to transmit these text messages is an automatic telephone dialing system. Plaintiff's investigation continues and Plaintiff reserves the right to supplement his answer to this Interrogatory as additional information becomes known to him.

*      *      *      *      *

*As to answers*:

**ZACHARY GOODMAN**, individually and on behalf of all others similarly situated,

Dated: November 11, 2014          By:

*As to objections*:

Dated: November 11, 2014          By:
                                      One of Plaintiff's Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff Zachary Goodman and the Putative Class*

6

## CERTIFICATE OF SERVICE

I, John C. Ochoa, an attorney, hereby certify that on November 12,2014, I served the above and foregoing ***Plaintiff Zachary Goodman's Answers to Defendant Hangtime, Inc.'s First Set of Interrogatories*** by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail, and further by causing true and accurate copies of such paper to be placed in postage prepaid envelopes addressed to the persons shown below and depositing such envelopes in the United States Mailbox located at 350 North LaSalle Street, Chicago, Illinois on this 12th day of November 2014.

Louis D. Bernstein
lbernstein@law-lbd.com
Michael P. McBride
mmcbride@law-lbd.com
Bernstein Law Firm
350 N. Clark Street, Suite 400
Chicago, IL 60654

Patrick S. Thompson
pthompson@goodwinprocter.com
Hong-An Vu
hvu@goodwinprocter.com
GOODWIN PROCTOR LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111

John C. Ochoa

7

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ZACHARY GOODMAN and DERRICK SIMS, individually and on behalf of a class of similarly situated individuals, | |
| Plaintiffs, | Case No.  14-cv-1022 |
| v. | [Hon. Elaine E. Bucklo] |
| HANGTIME, INC., a Delaware Corporation, and BUC MOBILE, Inc. d/b/a HOOK MOBILE, a Delaware corporation, | |
| Defendants. | |

## PLAINTIFF DERRICK SIMS ANSWERS TO
## DEFENDANT HANGTIME, INC.'S FIRST SET OF INTERROGATORIES

Plaintiff Derrick Sims ("Plaintiff"), for his answers to Defendant Hangtime, Inc.'s

("Hangtime") First Set of Interrogatories, states as follows:

### *Responses to Interrogatories*

## INTERROGATORY NO. 1

Identify the Hangtime User who sent the text message to You as alleged in the complaint.

**ANSWER:**  Plaintiff objects to this Interrogatory on the basis that the term "Hangtime

User" is vague and undefined. Plaintiff further objects to this Interrogatory on the bases that it

assumes facts not in evidence and is based on a false premise—Plaintiff did not allege that any

"Hangtime User" sent him any text messages. Rather, Plaintiff alleges that Hangtime and its co-

Defendant, Buc Mobile, Inc. ("Buc Mobile"), sent the text message at issue to his cell phone. *See*

Consolidated Class Action Complaint ("Complaint"), ¶¶ 15-16-, 22-24, 26-27. In fact, Plaintiff

specifically alleges that "the promotional text message calls alleged herein were not made by any

1

individual Hangtime users, but instead, were entirely made by Defendants." *Id.* ¶ 26. This Interrogatory is, therefore, unintelligible in light of the allegations in the Complaint, and Plaintiff is unable to respond to it.

\*        \*        \*        \*        \*

## INTERROGATORY NO. 2

Identify all Telephone Calls received by You from the Person You identified in response to Interrogatory No. 1.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 1, including all objections raised in response thereto. Plaintiff is unable to respond to this Interrogatory because the Complaint does not allege that any "Hangtime User" sent him the text message at issue. *See* Complaint at ¶¶ 15-16-, 22-24, 26-27; *see also id.* at ¶ 26 ("the promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were entirely made by Defendants").

\*        \*        \*        \*        \*

## INTERROGATORY NO. 3

Describe your relationship with the Person You identified in response to Interrogatory No. 1.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 1, including all objections raised in response thereto. Plaintiff is unable to respond to this Interrogatory because the Complaint does not allege that any "Hangtime User" sent him the text message at issue. *See* Complaint at ¶¶ 15-16-, 22-24, 26-27; *see also id.* at ¶ 26 ("the promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were entirely made by Defendants").

                    *          *          *          *          *

## INTERROGATORY NO. 4

Identify all electronic mail messages that You have received from the Person You identified in response to Interrogatory No. 1.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 1, including all objections raised in response thereto. Plaintiff is unable to respond to this Interrogatory because the Complaint does not allege that any "Hangtime User" sent him the text message at issue *See* Complaint at ¶¶ 15-16-, 22-24, 26-27; *see also id.* at ¶ 26 ("the promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were entirely made by Defendants").

                    *          *          *          *          *

## INTERROGATORY NO. 5

Identify all telephone calls from You to the Person You identified in response to Interrogatory No. 1.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 1, including all objections raised in response thereto. Plaintiff is unable to respond to this Interrogatory because the Complaint does not allege that any "Hangtime User" sent him the text message at issue. *See* Complaint at ¶¶ 15-16-, 22-24, 26-27; *see also id.* at ¶ 26 ("the promotional text message calls alleged herein were not made by any individual Hangtime users, but instead, were entirely made by Defendants").

                    *          *          *          *          *

## INTERROGATORY NO. 6

State your cellular telephone number(s) for the past four years.

3

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that its temporal scope of four years is overbroad given that the text message at issue was sent to Plaintiff on December 29, 2013. *See* Complaint at ¶ 15.

Subject to and without waiving this objection, Plaintiff responds as follows: Plaintiff's cellular telephone number is 617-642-8504, and Plaintiff has had the same number for the past four years.

*      *      *      *      *

**<u>INTERROGATORY NO. 7</u>**

State all facts to support your allegation that Hangtime transmitted text messages using an automated telephone dialing system.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that it seeks information protected by the attorney-client privilege and attorney-work product doctrine. Plaintiff further objects to this Interrogatory on the basis that the information sought is within the possession, custody, or control of Defendants or their agents because they have access to and control of the equipment and technology that was used to make the text message calls at issue in this case, and therefore is easily discoverable from Defendants' own records or the records of its agents. Plaintiff also objects to this Interrogatory to the extent that it calls for a conclusion of law with respect to term "automatic telephone dialing system" for purposes of 47 U.S.C. § 227(b)(1)(iii).

Subject to and without waiving these objections, Plaintiff states that on or around December 29, 2013, he received an unauthorized promotional text message from Hangtime via a phone number (*i.e.*, "(415) 815-3107") that Plaintiff did not recognize. That text message contained a generic advertisement for Hangtime's service. Moreover, thousands of other individuals received virtually identical text messages from Hangtime. *See, e.g.,* Complaint at

4

¶¶23, fn. 4, 27. Plaintiff believes that additional evidence and/or expert testimony will confirm that system used to send these text messages is an automatic telephone dialing system. Plaintiff's investigation continues and Plaintiff reserves the right to supplement his answer to this Interrogatory as additional information becomes known to him.

*          *          *          *          *

Dated: November 13, 2014                    Respectfully submitted,

                                            **PASTOR LAW OFFICE, LLP**


                                            /s/ David Pastor
                                            David Pastor (BBO #391000)
                                            63 Atlantic Avenue, 3rd Floor
                                            Boston, MA 02110
                                            Telephone: 617-742-9700
                                            Facsimile: 617-742-9701
                                            dpastor@pastorlawoffice.com


                                            Preston W. Leonard (BBO#680991)
                                            **LEONARD LAW OFFICE, PC**
                                            63 Atlantic Avenue, 3rd Floor
                                            Boston, MA 02110
                                            Telephone: 617-329-1295
                                            Facsimile: 617-742-9701
                                            pleonard@theleonardlawoffice.com

                                            William M. Sweetnam
                                            **SWEETNAM LLC**
                                            100 North La Salle Street, Suite 1010
                                            Chicago, Illinois 60602
                                            Telephone: 312-757-1888
                                            Facsimile: 312-754-8090 (fax)
                                            wms@sweetnamllc.com

5

## **VERIFICATION**

Plaintiff, Derrick Sims, states under penalty of perjury that he has reviewed the foregoing Response to Defendant Hangtime, Inc.'s First Set of Interrogatories and that the responses are true, complete and accurate to the best of his knowledge, information and belief.

*Derrick Sims*
Derrick Sims (Nov 13, 2014)
_____
Derrick Sims

Dated: Nov 13, 2014
_____

6

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 13, 2014 I caused copies of

the foregoing Plaintiff's Responses to Defendant's First Set of Interrogatories to be served, via

email and first class mail, on counsel for Defendant, as follows:

Louis D. Berstein
lbernstein@law-ldb.com
Michael P. McBride
mmcbride@law-lbd.com
**BERNSTEIN LAW FIRM LLC**
350 North Clark Street, Suite 400
Chicago, IL 60654

Patrick S. Thompson
pthompson@goodwinprocter.com
Hong-An Vuh
hvu@goodwinprocter.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111

Ari Jonathan Scharg
ascharg@edelson.com
**EDELSON P.C.**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

John C. Ochoa
jochoa@edelson.com
**EDELSON P.C.**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

/s/ David Pastor
David Pastor

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DERRICK SIMS, individually and on behalf
of a class of similarly situated individuals,

              Plaintiff,              Civil Action No.

   v.

HANGTIME, INC.

              Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Derrick Sims ("Plaintiff") brings this class action complaint individually and on behalf of all others similarly situated, and, through his undersigned counsel, complains against Defendant Hangtime, Inc. ("Hangtime" or "Defendant") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, based on, among other things, the investigation conducted by his attorneys.

### NATURE OF THE CASE

1.     In a misguided effort to promote its mobile application or "app," Defendant engages in an invasive and unlawful form of marketing: the unauthorized transmission of advertising in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2.     By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has violated consumers' statutory rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily

accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3.      In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals and a Massachusetts subclass, brings action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227") (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones, and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, which prohibits unfair or deceptive acts or practices.

4.      On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory and actual damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5.      Plaintiff resides in Boston, Massachusetts.

6.      Defendant Hangtime, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.  A mobile social networking company, Defendant does business throughout the United States, including in this District.

## JURISDICTION & VENUE

7.      The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227, *et seq.*

8.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the text message calls at issue were transmitted to this District.

## COMMON ALLEGATIONS OF FACT

9.      In recent years, marketers constrained by federal laws limiting solicitation by telephone, facsimile machine, and e-mail, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10.     One alterative for this type of bulk marketing is to deliver the solicitations via text messages through short codes and long codes.  The terms "short code" and "long code"

refer to a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

11.     Such text messages are transmitted as calls directed to a wireless device through the use of the telephone number assigned to the device.  When such a text message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.  As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including text messages, may be received by the called party virtually anywhere worldwide.

12.     Unlike more conventional advertisements, wireless spam invades privacy and can actually cost its recipients money, because cell phone users like Plaintiff must frequently either pay their respective wireless service providers for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

13.     Over the course of an extended period of time beginning in at least 2013, Defendant and its agents directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendant's social networking services.

14.     For instance, on or about December 29, 2013, Plaintiff's cell phone rang, indicating that a text call was being received.

15.     The "from" field of the transmission was identified cryptically as "14158153107," which is a special purpose telephone number known as a long code operated by Defendant and its agents.  The body of such text message read:

**Mikey Leftside shared events with you
on Hangtime. http://hangti.me/XiEpF6mLKc**

16.     Defendant's and its agents' use of a long code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

3

17.     Defendant sent these messages using equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

18.     By use of these methods, Defendant sent text messages that were the same or virtually the same as the message sent to Plaintiff (referenced in Paragraph 15 above), to numerous cell phones throughout the country.

19.     These text messages, including the text message sent to Plaintiff and referenced in Paragraph 15 above, did not originate from, nor were they created by, the individuals referenced in the messages (though the messages were intended and made to appear that way). Rather, the messages sent to Plaintiff and other class members originated from and were created by Defendant as a promotional or marketing device for its service.

20.     At no time did Plaintiff consent to the receipt of the above-referenced message or to the receipt of any other such wireless spam from Defendant.

### CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows: all persons in the United States and its Territories who were sent one or more unauthorized text messages from Defendant.  Plaintiff also brings this action on behalf of a subclass consisting of members of the Class residing within the Commonwealth of Massachusetts (the "Massachusetts Subclass" or "Subclass").

22.     Upon information and belief, there are over 1,000 members of the Class, and more than 100 members of the Massachusetts Subclass, such that joinder of all members of the Class and Subclass is impracticable.

23.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass .  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and Subclass and have

the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class or Subclass.

24.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class and the Massachusetts Subclass is impracticable; (b) absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (3) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass.

26.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class and Subclass members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct alleged herein.

27.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and/or Subclass include but are not limited to the following:

(a)     Did Defendant and/or its agents send one or more text messages to the Class?

(b)     Did the text messages distributed by Defendant violate the TCPA?

(c)     Did Defendant and/or its agents use an automatic telephone dialing system to transmit the test messages at issue?

5

(d)     Are the Class and Subclass members entitled to treble damages based on the willfulness of Defendant's conduct?

(e)     Did the Defendant's conduct violate the provisions of M.G.L. c. 93A, § 2?

(f)     Should Defendant be enjoined from engaging in such conduct?

## FIRST CAUSE OF ACTION
**(Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class and Subclass)**

28.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29.     Defendant made unsolicited commercial text calls, including the message referenced in Paragraphs 14 and 15 above, to the wireless telephone numbers of Plaintiff and the other members of the Class and subclass.  Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

30.     These text calls were made *en masse* through the use of a long code and without the prior express consent of the Plaintiff or the other members of the Class or Subclass.

31.     Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Defendant's conduct, the members of the Class and Subclass have had their privacy rights violated, have suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

32.     Because Defendant had actual or constructive knowledge that Plaintiff and the Class and Subclass did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class and Subclass.

## SECOND CAUSE OF ACTION
### (Violation of M.G.L. c. 93A, § 2: On behalf of Plaintiff and the Massachusetts Subclass)

33.      Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34.      At all relevant times Defendant was engaged in commerce for purposes of M.G.L., c. 93A.

35.      M.G.L., c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." M.G.L., c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

36.      As alleged more fully herein, Defendant has violated c. 93A, § 2 by sending unsolicited text messages to Plaintiff and other Massachusetts Subclass members. This conduct is unfair because it is harassing and annoying and invades the privacy of Plaintiff and Subclass members and because it causes them to incur costs for text messaging, and it is deceptive because the messages are made to appear as if they originate from and/or are created by the persons referenced in the messages, who are most likely known to the recipients.

37.      Defendant's conduct also violates the TCPA and as such, constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

38.      Pursuant to M.G.L., c. 93A, § 9, Plaintiff, on behalf of himself and the Massachusetts Subclass, seeks an order:

  a)      Enjoining Defendant from continuing to engage in, use, or employ any of the unfair and/or deceptive business acts or practices set forth in detail above; and

  b)      Disgorging and restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive acts or practices.

7

39.     Plaintiff and members of the Massachusetts Subclass will be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

40.      The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the Massachusetts Subclass.

41.     Plaintiff has not made a written demand for relief, as the demand requirement set forth in c. 93A, § 9(3) does not apply to Defendant.  The demand requirement does not apply here, because, on information and belief, Defendant does not maintain a place of business, nor does it keep assets within the Commonwealth of Massachusetts.

42.     Based on the foregoing, Plaintiff and the other members of the Massachusetts Subclass are entitled to all remedies available under c. 93A, § 9, including, but not limited to, actual or statutory damages, whichever is greater, multiple damages, attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of actual or statutory damages;

3.     An award of multiple damages

4.     An injunction requiring Defendant to cease all wireless spam activities;

5.     Disgorgement of Defendant's ill-gotten gains;

6.     An award of reasonable attorneys' fees and costs; and

7.     Such further and other relief the Court deems reasonable and just.

## VIII.  <u>JURY DEMAND</u>

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated:  February 26, 2014                    Respectfully submitted,

**PASTOR LAW OFFICE, LLP**

/s/ David Pastor_____
David Pastor (BBO #391000)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone:  617-742-9700
Facsimile:  617-742-9201
dpastor@pastorlawoffice.com

**LEONARD LAW OFFICE, LLP**

/s/ Preston W. Leonard_____
Preston W. Leonard (BBO#680991)
139 Charles Street, Suite A121
Boston, MA 02114
Telephone:  617-329-1295
pleonard@theleonardlawoffice.com

***Plaintiff's Counsel***

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Derrick Sims

## DEFENDANTS

Hangtime, Inc.

**(b)** County of Residence of First Listed Plaintiff **Suffolk (MA)**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Pastor - Pastor Law Office, LLP
63 Atlantic Avenue
Boston, MA 02110     617-742-9700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C., Section 227 et seq.
Brief description of cause:
Violation of T.C.P.A. by sending unsolicited text messages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
02/26/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ David Pastor

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Sims v. Hangtime, Inc.
   _____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
   rule 40.1(a)(1)).

   [ ]     I.      410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]     II.     110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720,
                   740, 790, 820*, 840*, 850, 870, 871.

   [✓]     III.    120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400,
                   422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899,
                   950.

                   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.
   _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES [ ]        NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See 28 USC
   §2403)

                                                        YES [ ]        NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES [ ]        NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES [ ]        NO [✓]

7.  Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES [✓]        NO [ ]

   A.      If yes, in which division do all of the non-governmental parties reside?

           Eastern Division [✓]          Central Division [ ]              Western Division [ ]

   B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
           residing in Massachusetts reside?

           Eastern Division [ ]          Central Division [ ]              Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)

                                                        YES [ ]        NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME David Pastor  - Pastor Law Office, LLP
ADDRESS 63 Atlantic Avenue, 3rd Floor, Boston, MA 02110
TELEPHONE NO. 617-742-9700

(CategoryForm12-2011.wpd - 12/2011)

# EXHIBIT D

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-01252 |
| v. | ) ) | Judge Elaine E. Bucklo |
| HANGTIME, Inc., a Delaware corporation, and BUC MOBILE, Inc. dba HOOK MOBILE, INC., a Delaware corporation, | ) ) ) ) | Mag. Judge Mary M. Rowland |
| Defendants. | ) ) ) | |

## DEFENDANT HANGTIME, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Hangtime, Inc.

("Hangtime") propounds the following First Set of Interrogatories on Plaintiff Ismael Salam

("Plaintiff").

### DEFINITIONS

1.    The term "You" means Ismael Salam.

2.    The term "Identify"

    a.  With respect to a fact means to state

        i.  What You assert the fact to be;

        ii.  When the events underlying the fact occurred; and

        iii.  The evidence in your possession that supports the assertion, including

            Identifying the Person and Documents evidencing such assertion of

            fact.

    b.  With respect to a Document means to state

1

   i. The name of the Document if applicable, or description of the

    Document;

   ii. The author of the Document;

   iii. The recipients of the Document; and

   iv. The present location of the Document.

  c. With respect to a Person means to state

   i. The name of the Person;

   ii. The address of the Person; and

   iii. The telephone number of the Person.

  d. With respect to a Telephone Call means to state

   i. The date;

   ii. The time; and

   iii. The duration of each transmission.

3. The term "Person" refers to a natural person.

4. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

5. The term "Communication" means the transmittal of information (in the form of facts , ideas, inquiries, or otherwise).

6. The phrase "Telephone Call" includes a telephone call, text message, short message service (SMS), multimedia messaging service (MMS), and facsimile transmission.

7.     The term "Describe" means to set forth the substance including, but not limited to, where applicable, the time(s); place(s); Person(s) involved or in any way concerned; and the existence, manner or means of any fact, occurrence, conduct, Documents, Communication or event concerning the matter in question.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the Hangtime User who sent the text message to You as alleged in the complaint.

**INTERROGATORY NO. 2:**

Identify all Telephone Calls received by You from the Person You identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Describe your relationship with the Person You identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

Identify all electronic mail messages that You have received from the Person You identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Identify all telephone calls from You to the Person You identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 6:**

State your cellular telephone number(s) for the past four years.

**INTERROGATORY NO. 7:**

State all facts to support your allegation that Hangtime transmitted text messages using an automated telephone dialing system.

3

Date: October 10, 2014

Respectfully submitted,

Patrick S. Thompson (*pro hac vice*)
*pthompson@goodwinprocter.com*
Hong-An Vu (*pro hac vice*)
*hvu@goodwinprocter.com*
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: 415-733-6000
Fax.: 415-677-9041

Louis D. Bernstein
*lbernstein@law-ldb.com*
Michael P. McBride
*mmcbride@law-ldb.com*
BERNSTEIN LAW FIRM
350 N. Clark Street, Suite 400
Chicago, IL 60654
Tel.: (312) 645-6091
Fax.: (312) 780-0703

Attorneys for Defendants
*HANGTIME, INC. and BUC MOBILE, INC. dba*
*HOOK MOBILE, INC.*

4

## CERTIFICATE OF SERVICE

    I, April Sun, an attorney, certify that on October 10, 2014, I served DEFENDANT HANGTIME, INC.'S FIRST SET OF INTERROGATORIES, via e-mail and overnight mail on:

| | |
|---|---|
| Katrina Carroll | Counsel for Plaintiff Ismael Salam |
| Kyle Alan Shamberg | Tel.: 312-750-1265 |
| Lite DePalma Greenberg LLC | Fax.: 973-877-3845 |
| 211 West Wacker Drive, Suite 500 | *kcarroll@litedepalma.com* |
| Chicago, IL 60606 | *kshamberg@litedepalma.com* |

April Sun

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ZACHARY GOODMAN and DERRICK SIMS, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-1022 |
| | Judge: Hon. Elaine E. Bucklo |
| Plaintiffs, | Action Filed: January 16, 2014 |
| v. | |
| HANGTIME, INC., a Delaware Corporation, | |
| Defendant. | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Hangtime, Inc. ('Hangtime") responds to Plaintiff Zachary Goodman's ("Plaintiff") First Set of Interrogatories.

## GENERAL OBJECTIONS

1.  Hangtime objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product protection and/or any other privilege or protection from discovery. Hangtime will not provide any such information. Any production of such information is inadvertent, is not intended to, and does not constitute a waiver of the privilege or protection.

2.  Hangtime objects to the Interrogatories to the extent that they seek confidential and/or trade secret information of Hangtime or third parties in the absence of a mutually-agreeable protective order.

3. Hangtime incorporates by reference each and every general objection set forth below into each and every specific response. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

4. Hangtime objects to the definition of "Text Message Advertisement" to the extent that it implies that the text messages sent by Hangtime's customers using Hangtime's application (the "Hangtme App") are "advertisements." Hangtime understands this defined term to mean the text messages sent by Hangtime's customers to their contacts using the Hangtime App.

5. Hangtime's responses are based only on the knowledge of current employees of Hangtime. Discovery in this action is ongoing, and Hangtime reserves the right to amend and/or supplement these responses to Plaintiff's First Set of Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the Person(s) who assisted in answering these Interrogatories, the position of each such Person, the Person's duties, and the length of time of each such Person's employment. For each Person so Identified, specify each Interrogatory that that Person assisted in answering.

### ANSWER:

Hangtime objects to this Interrogatory as compound and to the extent that it seeks information relating to privileged communications. Hangtime identifies the following individuals:

- Karl Jacob, Hangtime Founder and Chief Executive Officer

- Allan Carroll, Hangtime Founder and Chief Technology Officer

- Bryant Harrison, Senior Product Manager

### INTERROGATORY NO. 2:

State whether You have placed or caused to be placed any Text Message Advertisement Calls to Cellular Telephones during the Relevant Time Period, and if the answer is in the affirmative, Identify:

(a)     The Person(s) who placed the Text Message Advertisement Calls;

(b)     How the Cellular Telephone numbers that received said Text Message
        Advertisements were obtained;

(c)     How You determined which Cellular Telephone numbers to send said Text
        Message Advertisements;

(d)     The specific Cellular Telephone numbers to which such Text Messages
        Advertisements were sent, the names and addresses of such Text Message
        Advertisement recipients, and the Date the Text Message Advertisement Calls
        were made;

(e)     How You store or retain such Cellular Telephone numbers;

(f)     The exact content of any and all such Text Message Advertisements; and

(g)     The total number of Text Message Advertisements sent, broken down by year.

**ANSWER:**

Hangtime objects to this Interrogatory as overly burdensome because identifying the

requested information as to each text message would require significant and unnecessary time

and resources, and because the requested information is or will be equally available to Plaintiff

based on the information Hangtime has produced or agreed to produce. Hangtime also objects to

this Interrogatory to the extent that it seeks confidential and/or trade secret information of

Hangtime in the absence of a mutually-agreeable protective order. Hangtime will amend this

response upon entry into a mutually-agreeable protective order.

In addition, Hangtime states:

Customers of Hangtime ("Hangtime User(s)" or "User(s)") are the senders of all text

messages. Hangtime Users download the Hangtime App to enable them to notify their contacts

about their activities and invite them to participate in such activities or future events. When a

Hangtime User downloads and installs the Hangtime App, the User must abide by Hangtime's

Terms of Service. Consistent with the FCC's ruling on the GroupMe petition, *In the Matter of*

*GroupMe, Inc./Skype Communications S.A.R.L Petition for Expedited Declaratory Ruling*, CG

Docket No. 02-278 (FCC Mar 27, 2014), Hangtime's Terms of Service expressly state that

Hangtime Users represent that each person they add to the Hangtime App contacts has consented

to receive text messages from them:

> TEXT MESSAGING CONTENT
> Adding new contacts into Hangtime allows you to keep your contacts up to
> date about events you are attending and/or organizing. BY SIGNING UP FOR
> HANGTIME, YOU AGREE TO RECEIVE TEXT MESSAGES FROM US, AND YOU
> REPRESENT AND WARRANT THAT EACH PERSON YOU ADD TO YOUR
> HANGTIME CONTACTS HAS CONSENTED TO RECEIVE TEXT MESSAGES
> FROM YOU AND TO RECEIVE TEXTMESSAGES FROM YOU THROUGH
> HANGTIME.

Prior to April 9, 2014, Hangtime's Terms of Service have always stated:

- Please don't spam or send unsolicited email promotions of any kind.

- Please keep you[r] information up-to-date.

- Using Hangtime is conditioned upon your agreement that you

    o will provide accurate information when creating an account or registering for our

    Services

    o will not use the communication systems provided by or contacts made on

    Hangtime for any commercial solicitation purposes

    o are solely responsible for your User ID and the activity that occurs while signed in

    to or while using Hangtime using your User ID

    o :. . . agree not to post or use any Content in any manner that: . . . violates the

    privacy, publicity, or other rights of third parties, is unlawful . . . . or encourages

    conduct that would be considered a criminal offense, give rise to civil liability,

    violate any law. . .

4

Upon downloading the Hangtime App, Users are asked for permission to allow the App to access the Users' contacts in their mobile device. There is no way for the Hangtime App to access a Users' contact information without their express consent. If a User expressly grants permission, Users may select specific contacts or to add all of their contacts to the Hangtime App. Users may also manually insert contact information of an intended recipient.

Once the contacts are selected, the User taps the "Send" button and sends an "add friend" text message notifying the selected contacts about the User's Hangtime profile which contains events they are going to, invited to or might be attending.

After the initial add friend text, Users then have the ability to share events or invite friends to view events. Notifications are sent via a "push notifications" through the Hangtime App or a text message if the recipient does not have the Hangtime App.

Hangtime does not maintain a database or list of numbers that can automatically be sent or receive text messages. Text messages can only be sent to numbers identified and provided by a Hangtime User at the time the User sends messages to their contacts.

Information related to the number of text messages that Hangtime has attempted to transmit is highly proprietary. Hangtime is unable to determine how many of these text messages were actually transmitted to the intended recipients as many text messages may not have been delivered. Twilio and Hook Mobile each have protocols for when not to deliver text messages and may or may not in their discretion choose to transmit text messages to intended recipients. As such, some portion of the [Proprietary Figure] texts sent by Hangtime Users were not delivered.

The standard content of the text messages sent by Hangtime Users through the Hangtime App are:

- "John added you as a friend on Hangtime. Check out what he's doing this week!"

- "John shared events with you on Hangtime."

- "Hey its John. I'm interested in 'The Super Bowl' r u?"

## INTERROGATORY NO. 3:

State whether You contend that You obtained prior express consent to send Text Message Advertisements to Plaintiff, and if so, Identify all facts supporting Your contention, Including the Date and time upon which such consent was received.

## ANSWER:

Hangtime incorporates by reference its response to Interrogatory No. 4. Hangtime is unable to provide additional specific information relating to Plaintiff at this time.

## INTERROGATORY NO. 4:

State whether You contend that You obtained prior express consent to send Text Message Advertisements to any Persons in the Proposed Class, and if so, Identify all facts supporting Your contention.

## ANSWER:

Hangtime's terms and conditions require its Users to have consent to send messages to all intended recipients. Hangtime Users download the Hangtime App to enable them to notify their contacts about their activities and invite them to participate in such activities or future events. When a Hangtime User downloads and installs the Hangtime App, each User must abide by Hangtime's terms of service. At all times, Hangtime's terms of service have required them to have prior express consent to send text messages. Since April 9, 2014, Hangtime's Terms of Service expressly state pursuant to the ruling on the Groupme Petition, *In the Matter of GroupMe, Inc./Skype Communications S.A.R.L Petition for Expedited Declaratory Ruling*, CG Docket No. 02-278 (FCC Mar 27, 2014), that Hangtime Users represent that each person they add to the Hangtime App contacts has consented to receive text messages from them:

TEXT MESSAGING CONTENT
Adding new contacts into Hangtime allows you to keep your contacts up to date about events you are attending and/or organizing. BY SIGNING UP FOR HANGTIME, YOU AGREE TO RECEIVE TEXT MESSAGES FROM US, AND YOU REPRESENT AND WARRANT THAT EACH PERSON YOU ADD TO YOUR HANGTIME CONTACTS HAS CONSENTED TO RECEIVE TEXT MESSAGES FROM YOU AND TO RECEIVE TEXTMESSAGES FROM YOU THROUGH HANGTIME.

Prior to April 9, 2014, Hangtime's Terms of Service have always stated:

- Please don't spam or send unsolicited email promotions of any kind.

- Please keep you[r] information up-to-date.

- Using Hangtime is conditioned upon your agreement that you

    o will provide accurate information when creating an account or registering for our Services

    o will not use the communication systems provided by or contacts made on Hangtime for any commercial solicitation purposes

    o are solely responsible for your User ID and the activity that occurs while signed in to or while using Hangtime using your User ID

    o :. . . agree not to post or use any Content in any manner that: . . . violates the privacy, publicity, or other rights of third parties, is unlawful . . . . or encourages conduct that would be considered a criminal offense, give rise to civil liability, violate any law. . .

Customers can download the Hangtime App from the Apple App Store if using an Apple device, or the Google Play Store if using an Android device. Customers downloading applications from Apple or Google must agree to abide by their respective terms of service.

The Apple Terms of Service state:

- "You shall be authorized to use iTunes Products only for personal, noncommercial use."

7

- "You agree that you will no use any third-party materials in a manner that would infringe or violate the rights of any other party. . ."

- "You agree to comply with all local, state, federal, and national laws, statutes, ordinances, and regulations that apply to your use of the iTunes Service."

- "You further agree not to use the External Services [Licensor's (Hangtime's) and /or third party services and websites] in any manner to harass, abuse, stalk, threaten, defame, or otherwise infringe or violate the rights of any other party, and that neither Licensor (Hangtime) nor its agents is in any way responsible for any such use by you."

- "To the extent that you choose to use or access such External Services and materials, you do so at your own initiative and are responsible for compliance with any applicable laws, including but not limited to applicable local laws."

- "You also agree that you will not use these products for any purposes prohibited by United States law. . ."

The Google terms and conditions state:

- ". . . you will have the non-exclusive right. . .to view, use, and display the Product on you Devices or as otherwise authorized by Google as part of the Service for your personal, non-commercial use only" (Google Play Terms of Service).

- "You may use our Services only as permitted by law. . ." (Google Terms of Service).

In order to download the Hangtime App, Users must agree to comply with applicable law and agree not to violate the rights of third-parties, including their privacy through unsolicited communications.

Hangtime abides by the Google Developer Agreement, which states, "Spam and Placement in Store. Developers are important partners in maintaining a great user experience on

Google Play. . . . . Do not send SMS, email, or other message on behalf of the user without providing the user with the ability to confirm content and intended recipient."

Hangtime Users agree to only send text messages to people who have given them their contact information and consented to receive telephone calls or text messages from them. The Hangtime system only allows text messages to be sent after Users have selected what they want to share and the intended recipients of a message. The fact that recipients have consented to receive messages is reflected in the strong response rate to the messages transmitted by Hangtime Users. The details regarding the response rate are highly proprietary.

**INTERROGATORY NO. 5:**

Describe with particularity each and every method by which You purport to obtain express consent from Persons prior to sending such Persons Text Message Advertisements, and for each such method, Identify:

      (a)     the total number of Cellular Telephone numbers for which such express consent was obtained; and

      (b)     the name and Cellular Telephone number of each and every Person from which such consent was obtained.

**ANSWER:**

Hangtime objects to this Interrogatory as overly burdensome because identifying the requested information as to each text message would require significant and unnecessary time and resources, and because the requested information will be equally available to Plaintiff based on the information Hangtime has produced or agreed to produce. Hangtime incorporates by reference its response to Interrogatory No. 4.

**INTERROGATORY NO. 6:**

Describe all current and past protocols, processes, and/or procedures for Identifying, processing, and documenting consent from Persons to receive Text Message Advertisement Calls from You, Including Your processes and procedures used to verify prior and continuing express consent from Plaintiff and the Proposed Class.

9

**ANSWER:**

Hangtime incorporates by reference its response to Interrogatory No. 4. The Hangtime App also allows Users to select specific contacts to message and to update their contacts and remove contacts who have revoked their consent to receive text messages from such Users. In addition, Hangtime, with assistance from Hook Mobile and Twilio, does not allow its Users to send text messages to recipients who have texted "STOP" in response to a text from a Hangtime User. The number of STOP notifications and complaints is highly proprietary.

**INTERROGATORY NO. 7:**

Identify all third parties involved in the Transmission of Your Text Message Advertisements, and for each third party so Identified, Describe its role in the Transmission and Identify any and all related contracts, agreements, and written understandings.

**ANSWER:**

Hangtime identifies the following third parties who have been involved in sending text messages:

1. Hangtime Users who have used Hangtime to send notifications/invitations to their contacts. These Users are responsible for deciding whether to invite friends to the Hangtime App or to view an event and providing Hangtime with the contact information for their intended recipients of a message and also trigger the process for sending messages by clicking "send" on the Hangtime App.

2. Hook Mobile, whose terms of service Hangtime will produce.

3. Twilio, whose terms of service Hangtime will produce.

4. Telephone carriers who transmit and receive the messages sent at the direction of Hangtime Users with assistance from the Hangtime App, Hook Mobile, and Twilio.

**INTERROGATORY NO. 8:**

Describe in detail the technology that allows You to Transmit SMS Messages, Including Text Message Advertisements, to the Cellular Telephone numbers of Persons, Including the provisioning of any phone numbers, the specific API used, how phone numbers are stored, the organization and design of the database storing the phone numbers, the involvement of a third party, the underlying software and hardware utilized, the coded commands utilized, and any automated processes that Transmit SMS Messages without human intervention.

**ANSWER:**

Hangtime objects to this Interrogatory to the extent that this Interrogatory implies that Hangtime, instead of Hangtime Users, attempt to transmit SMS Messages. Hangtime further objects to this Interrogatory to the extent that it seeks information not within its possession, custody or control and that this Interrogatory is compound. Hangtime also objects to this Interrogatory to the extent that it seeks confidential and/or trade secret information of Hangtime in the absence of a mutually-agreeable protective order. Hangtime will amend this response upon entry into a mutually-agreeable protective order. Hangtime states: Hangtime does not have any automated processes that transmit or attempt to transmit text messages without human intervention. The details about the technology used by Hangtime is highly proprietary.

**INTERROGATORY NO. 9:**

Identify all Computers, Computer Equipment, and Computer Systems used by You and Your agents that were involved in the architecting, designing, coding, testing, creating, placing, sending, Transmitting, broadcasting, receiving, and/or processing of SMS Messages, Including Text Message Advertisements and Include the brand, model, and CPU type, machine identifying serial numbers or service tags as well as all associated operating system and application software versions and the usage Dates on each.

**ANSWER:**

Hangtime objects to this Interrogatory to the extent that it seeks confidential and/or trade secret information of Hangtime in the absence of a mutually-agreeable protective order. Hangtime will amend this response upon entry into a mutually-agreeable protective order.

**INTERROGATORY NO. 10:**

Describe the policies and procedures that You have in place to ensure that You and/or any Persons acting on Your behalf are aware of and comply with the TCPA.

**ANSWER:**

Hangtime objects to this Interrogatory to the extent that it seeks information that is

protected by the attorney-client privilege. Hangtime incorporates its response to Interrogatory

Nos. 2 and 4. In addition, Hangtime states that the Hangtime App and systems are designed to

comply with the TCPA. Hangtime does not have any general purpose dialing or messaging

system. No messages are sent without direct human intervention by Hangtime Users. No

numbers are dialed sequentially or automatically. Additional details about these policies are

highly proprietary.

**INTERROGATORY NO. 11:**

Identify each Person whom You expect to call as an expert witness at trial, and for each such Person, Identify (a) the conclusions and/or opinions of such Person, (b) the bases therefore, and (c) the qualifications of the Person to render such opinion.

**ANSWER:**

Hangtime objects to this Interrogatory as improper and premature because it is

inconsistent with Hangtime's obligations under the Federal Rules of Civil Procedure and the

scheduling order entered by the Court on June 12, 2014. Hangtime will disclose its expert

witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's scheduling order.

Date:  August 13, 2014                    Respectfully submitted,

                                          (as to objections only)

                                          Patrick S. Thompson (*pro hac vice*)
                                          *pthompson@goodwinprocter.com*
                                          Hong-An Vu (*pro hac vice*)
                                          *hvu@goodwinprocter.com*
                                          GOODWIN PROCTER LLP
                                          Three Embarcadero Center, 24th Floor
                                          San Francisco, CA 94111
                                          Tel.:  415.733.6000
                                          Fax.: 415.677.9041

                                          Louis D. Bernstein
                                          *lbernstein@law-ldb.com*
                                          Michael P. McBride
                                          *mmcbride@law-ldb.com*
                                          BERNSTEIN LAW FIRM
                                          350 N. Clark Street, Suite 400
                                          Chicago, IL 60654
                                          Tel.:  312.645.6091
                                          Fax.: 866.929.7392

                                          Attorneys for Defendant
                                          HANGTIME, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I, Hong-An Vu, an attorney, certify that on August 13, 2014, I caused to be served DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, which was served via e-mail and overnight courier on all parties of record.

Rafey S. Balabanian
Ari Jonathan Scharg
John C. Ochoa
Mark Stephen Eisen
**Edelson PC**
350 North LaSalle St., Ste. 1300
Chicago, IL 60654
Tel.: 312-589-6370
Fax.: 312-589-6378
Email: rbalabanian@edelson.com
Email: ascharg@edelson.com
Email: jochoa@edelson.com
Email: meisen@edelson.com

*Attorneys for Plaintiff Zachary Goodman*

Katrina Carroll
Kyle Alan Shamberg
**Lite DePalma Greenberg LLC**
211 W. Wacker Dr., Ste. 500
Chicago, IL 60606
Tel.: 312-750-1265
Fax.: 973-877-3845
Email: kcarroll@litedepalma.com
Email: kshamberg@litedepalma.com

*Attorneys for Ismael Salam*

William M Sweetnam
**Sweetnam LLC**
582 Oakwood Avenue
Suite 200
Lake Forest, IL 60045
Tel.: 847-559-9040
Fax.: 847-235-6618
Email: wms@sweetnamllc.com

David Pastor
**Pastor Law Office, LLP**
63 Atlantic Avenue
3rd Floor
Boston, MA 02110
Tel.: 617-742-9700
Fax.: 617-742-9701
Email: dpastor@pastorlawoffice.com

Preston W. Leonard
**Leonard Law Office, PC**
63 Atlantic Avenue
3rd Floor
Boston, MA 02110
Tel.: 617-329-1295
Email: pleonard@theleonardlawoffice.com

Ari Jonathan Scharg
(See above for address)
*Attorneys for Derrick Sims*

Phillip Andrew Bock
James Michael Smith
Richard Joseph Doherty
**Bock and Hatch LLC**
134 N. La Salle St. Ste. 1000
Chicago, IL 60602
Tel.: 312-658-5500
Fax.: 312-658-5555
Email: phil@bockhatchllc.com
Email: jim@bockhatchllc.com
Email: rich@bockhatchllc.com

Dylan Hughes
Eric H. Gibbs
**Girard Gibbs LLP**
601 California Street
14th Floor
San Francisco, CA 94108
Tel.: 415-981-4800
Fax.: 415-981-4846
Email: dsh@girardgibbs.com
Email: ehg@girardgibbs.com

*Attorneys for Emily Kozlow*

Hong-An Vu

## VERIFICATION

I, Allan Carroll, declare that I have read DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, and know its contents.

I am Chief Technology Officer at Hangtime, Inc., a party to this action, and am authorized to make this verification for and on its behalf. I am informed and believe and on that basis state that the responses provided therein are true and correct.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this on ___18th___ day of August, 2014 in San Francisco, California.


_Allan Carroll_
Allan Carroll
Chief Technology Officer
Hangtime, Inc.

14

## CERTIFICATE OF SERVICE

I, Hong-An Vu, an attorney, certify that on August 18, 2014, I caused to be served VREIFICATION OF DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, which was served via e-mail and mail.

Rafey S. Balabanian
Ari Jonathan Scharg
John C. Ochoa
Mark Stephen Eisen
**Edelson PC**
350 North LaSalle St., Ste. 1300
Chicago, IL 60654
Tel.: 312-589-6370
Fax.: 312-589-6378
Email: rbalabanian@edelson.com
Email: ascharg@edelson.com
Email: jochoa@edelson.com
Email: meisen@edelson.com

*Attorneys for Plaintiff Zachary Goodman*

Katrina Carroll
Kyle Alan Shamberg
**Lite DePalma Greenberg LLC**
211 W. Wacker Dr., Ste. 500
Chicago, IL 60606
Tel.: 312-750-1265
Fax.: 973-877-3845
Email: kcarroll@litedepalma.com
Email: kshamberg@litedepalma.com

*Attorneys for Ismael Salam*

William M Sweetnam
**Sweetnam LLC**
582 Oakwood Avenue
Suite 200
Lake Forest, IL 60045
Tel.: 847-559-9040
Fax.: 847-235-6618
Email: wms@sweetnamllc.com

David Pastor
**Pastor Law Office, LLP**
63 Atlantic Avenue
3rd Floor
Boston, MA 02110
Tel.: 617-742-9700
Fax.: 617-742-9701
Email: dpastor@pastorlawoffice.com

Preston W. Leonard
**Leonard Law Office, PC**
63 Atlantic Avenue
3rd Floor
Boston, MA 02110
Tel.: 617-329-1295
Email: pleonard@theleonardlawoffice.com

Ari Jonathan Scharg
(See above for address)
*Attorneys for Derrick Sims*

Phillip Andrew Bock
James Michael Smith
Richard Joseph Doherty
**Bock and Hatch LLC**
134 N. La Salle St. Ste. 1000
Chicago, IL 60602
Tel.: 312-658-5500
Fax.: 312-658-5555
Email: phil@bockhatchllc.com
Email: jim@bockhatchllc.com
Email: rich@bockhatchllc.com

Dylan Hughes
Eric H. Gibbs
**Girard Gibbs LLP**
601 California Street
14th Floor
San Francisco, CA 94108
Tel.: 415-981-4800
Fax.: 415-981-4846
Email: dsh@girardgibbs.com
Email: ehg@girardgibbs.com

*Attorneys for Emily Kozlow*

Hong-An Vu

# EXHIBIT F

# [CONFIDENTIAL – LODGED UNDER SEAL]