UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZACHARY GOODMAN and DERRICK SIMS, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 14-CV-1022 ) ) Judge Elaine E. Bucklo |
| v. | ) ) Mag. Judge Arlander Keys |
| HANGTIME, INC., a Delaware corporation, and BUC MOBILE, INC. dba HOOK MOBILE, INC., a Delaware corporation, | ) ) ) ) |
| Defendants. | ) |

**AFFIDAVIT OF ALLAN CARROLL IN SUPPORT OF DEFENDANT
HANGTIME, INC.'S MOTION TO STRIKE CLASS ALLEGATIONS**

I, Allan Carroll, hereby declare and state as follows:

1. I am the Chief Technology Officer at Hangtime, Inc. ("Hangtime" or "Defendant") a defendant in this action (the "Illinois Action") and in *Kozlow v. Hangtime, Inc.*, 3:14-cv-2249 (N.D.Cal.), filed May 15, 2014 (the "Kozlow Action"). I have personal knowledge of the facts as set forth below, and if called as a witness, I could and would competently testify to them.

2. There are currently three options presented to a User who downloads and opens the Hangtime App:

   a. The User can log into the Hangtime App using his or her Facebook account so that Hangtime knows the individual's Facebook identity;

   b. The User can log into the Hangtime App using his or her Google+ account so that Hangtime knows the individual's Google+ identity; or

      c. A very small percentage of the time, the User may choose not to login to either Facebook or Google + and not provide Hangtime with his or her identity.

3. After accessing the Hangtime App and expressly providing Hangtime permission to access their contacts in their mobile device, Hangtime Users may select specific contacts or all of their contacts to share events through text messages.

4. About 50% of Users who download the Hangtime App and send out invitations select specific contacts, while the remainder elect to add all of their contacts to share events by transmitting text messages.

5. If a User has chosen to provide Hangtime with his or her Facebook or Google+ identity, text messages sent by this type of User will include the User's identity. For example, if I were to send a text message using the Hangtime App, my message may read, "Allan shared events with you on Hangtime."

6. In the small percentage of times that a User sends a message without logging into Facebook or Google+, text messages sent by that User will not reference his or her identity, but may read, "Your friend shared events with you on Hangtime."

7. Contrary to Plaintiffs' allegations, Hangtime does not "scrape" the cell phone numbers stored in Users' address books nor automatically send pre-programed promotional text messages.

8. Hangtime does not maintain a database or list of numbers that can automatically be sent or receive text messages.

9. Text messages can only be sent using the Hangtime App if a User selects contacts and taps the "Send" button in the App.

10. I discovered that one of Zachary Goodman's Facebook friends sent him the text message referenced in the Consolidated Complaint. Using as a reference the telephone number provided by Zachary Goodman in his interrogatory responses ((248) 763-6009), I reviewed Hangtime's logs of text messages attempted by Hangtime Users, and used Facebook's search function to view public profiles.

11. Mr. Goodman's Facebook friend was identified in the text message, but his name was redacted in the Consolidated Complaint. Mr. Goodman's friend is a frequent user of Hangtime and has at least thirty friends who have installed and used the Hangtime App. Most of these friends downloaded the Hangtime App in response to a text message sent by Mr. Goodman's friend.

12. Derrick Sims received a text message from Mikey Leftside, as identified in Mr. Sims' original complaint, but redacted in the Consolidated Complaint.

13. By searching on Facebook, I discovered that Mr. Leftside, like Mr. Sims, lives in the Boston, Massachusetts area. His Hangtime profile shows that at least four of his Facebook friends also installed and used the Hangtime App. Two of them installed the App shortly after he sent the invitations.

14. Hangtime does not have any record of any other text message attempts to the number Mr. Sims identified in his interrogatory responses (617) 642-8504.

15. On September 3, 2013, Emily Kozlow, unlike Mr. Goodman and Mr. Sims, received a text message that did not identify the sender.

16. By searching on Facebook, I discovered that four of Ms. Kozlow's Facebook friends are Hangtime Users. One of her Facebook friends installed the Hangtime App on September 3, 2014, the same day that Ms. Kozlow received the message referenced in her

complaint.

I declare under penalty of perjury under the laws of the United States and the States of California and Illinois that the foregoing is true and accurate.

FURTHER AFFIANT SAYETH NAUGHT.


Executed this 14th day of November 2014, at San Francisco, California

_____
Allan Carroll

ACTIVE/80455933.1

4

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

State of California  
County of San Francisco

On 11/14/14 before me, Susan Friedmanfitzer, Notary Public
*Here insert Name and Title of the Officer*

personally appeared Allan Edmond Carroll
*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: Susan Friedman Fitzer
*Signature of Notary Public*

SUSAN FRIEDMANFITZER
Commission # 1975436
Notary Public - California
San Francisco County
My Comm. Expires Apr 19, 2016

*Place Notary Seal Above*

———————— **OPTIONAL** ————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**  
Title or Type of Document: Affidavit of Allan Carroll in Support of Defendant Haughtine, Inc.'s motion to strike Class Allegations
Document Date: 11/14/14     Number of Pages: 4
Signer(s) Other Than Named Above: None

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

**RIGHT THUMBPRINT OF SIGNER**
Top of thumb here

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

**RIGHT THUMBPRINT OF SIGNER**
Top of thumb here

## **CERTIFICATE OF SERVICE**

I, Patrick S. Thompson, an attorney, certify that on November 17, 2014, I filed the AFFIDAVIT OF ALLAN CARROLL IN SUPPORT OF DEFENDANT HANGTIME, INC.'S MOTION TO STRIKE CLASS ALLEGATIONS, which was served upon all parties of record by the CM/ECF system.

/s/ Patrick S. Thompson
Patrick S. Thompson