# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ZACHARY GOODMAN and DERRICK SIMS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )  Case No. 14-CV-1022<br>)<br>)  Judge John Robert Blakey |
| v. | )<br>) |
| HANGTIME, INC., a Delaware corporation, and BUC MOBILE, INC. d/b/a HOOK MOBILE, a Delaware corporation, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**HANGTIME, INC.'S OPPOSITION TO MOTION FOR APPROVAL OF
ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**

# **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | PROCEDURAL HISTORY | 2 |
| | A. Four Individual Plaintiffs Filed Identical Actions in Different Jurisdictions – California, Illinois, Massachusetts | 2 |
| | B. Plaintiffs Goodman, Sims and Salam Opposed Efforts by Plaintiff Kozlow and Defendants to Conserve Resources Through Consolidation | 4 |
| | C. Goodman Took a Back Seat to Kozlow in Pursuing the Class Claim | 4 |
| | D. Goodman and Sims Needlessly Increased Costs by Evading Discovery | 5 |
| | E. Hangtime Expended the Bulk of Its Resources on the Merits | 6 |
| II. | THE COURT SHOULD LIMIT ATTORNEYS' FEES PER THE EXPRESS WORDING OF THE SETTLEMENT AGREEMENT | 7 |
| | A. The Settlement Agreement Limits Fee Recovery to Class Counsel | 7 |
| | B. Plaintiffs Salam and Sims Have No Basis to Recover Attorneys' Fees in Actions They Voluntarily Dismissed | 8 |
| III. | THE COURT SHOULD LIMIT GOODMAN AND SIMS' RECOVERY TO FEES REASONABLY INCURRED TO OBTAIN RELIEF | 9 |
| | A. Hangtime Agreed Not to Contest Reasonable Requests for Attorneys' Fees | 9 |
| | B. Plaintiffs' Fees Requested Are Excessive | 10 |
| |     1. Placeholder Motions for Class Certification Do Not Warrant Fees | 11 |
| |     2. Plaintiffs' Evasive Discovery Practices | 11 |
| |     3. Other Unnecessary Billing that Did Not Advance the Merits of the Case or Contribute to the Outcome | 12 |
| | C. Plaintiffs' Efforts Compare Unfavorably with Defendants' Time | 13 |

| | | |
|---|---|---|
| IV. | THE COURT SHOULD CAP THE INCENTIVE AWARDS AT THE MAXIMUM POSSIBLE RECOVERY | 14 |
| V. | THE COURT SHOULD DISCOUNT THE FEE RECOVERY TO ACCOUNT FOR HANGTIME'S LIMITED RESOURCES | 14 |
| VI. | CONCLUSION | 14 |

Case: 1:14-cv-01022 Document #: 117 Filed: 09/11/15 Page 4 of 20 PageID #:1756

## TABLE OF AUTHORITIES
**Page(s)**

**Cases**

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)..................................................................................................................10

*Max M v. Illinois State Bd. of Educ.*,
    684 F. Supp. 514 (N.D. Ill.1988) ...............................................................................................10

**Statutes**

47 U.S.C. § 227(g)(3)(B) ..............................................................................................................14

47 U.S.C. § 227(g)(3)(C) ..............................................................................................................14

Defendant Hangtime. Inc. is a startup company that developed a social media application, which was designed to facilitate communications between friends and family about their own events and activities. Yet Hangtime was targeted under the Telephone Consumer Protection Act ("TCPA") – a law that was aimed at preventing companies from making unsolicited calls to consumers to promote unwanted products and services. Four identical putative class actions were filed against Hangtime in four different jurisdictions – California, Massachusetts and Illinois (state and federal court). Two of the lawsuits were dismissed voluntarily – by Derrick Sims in Massachusetts and Ismael Salam in Illinois. The California case settled in a mandatory settlement conference by a federal Magistrate Judge. Within weeks of settling the California case, the parties settled the Goodman action. Due to its extremely limited financial reserves, Hangtime agreed to modify its practices to ensure that any consumers receiving texts from Hangtime had provided prior express consent to their friends and family members who might message them through Hangtime.

In the Settlement Agreement, Hangtime agreed to pay reasonable attorneys' fees to "Class Counsel." The Settlement Agreement specifically defines the term Class Counsel to limit Hangtime's liability to fees incurred by the lawyers in the Goodman action.

In addition, the Settlement Agreement expressly allows Hangtime to challenge any fee application because Hangtime believes the litigation was conducted in a manner that required Hangtime's counsel to expend excessive time and resources in response to their attempts to reign in the costs associated with what Hangtime perceived to be frivolous claims.

The Court should substantially reduce the fee award for two primary reasons. First, plaintiffs have requested fees beyond what Hangtime contractually agreed to pay:

- Fees billed by individuals other than Class Counsel, as defined by the Settlement Agreement; and

- Fees billed to actions that are not part of the Settlement Agreement and that have been dismissed.

Plaintiffs have no legal basis for attorneys' fees associated with those activities.

Second, the Court should limit plaintiffs' fee recovery to fees reasonably incurred. Hangtime has not objected to certain categories of work that seemed reasonably necessary to the conduct of the litigation, but the Court should reduce the lodestar to account for duplicative efforts, unnecessary work, placeholder motions, and other inefficiencies.

Considering these factors, Hangtime asks that the Court limit plaintiffs' fee recovery to the $87,433.50 in attorneys' fees that Hangtime does not contest.

## I.      PROCEDURAL HISTORY

### A.      Four Individual Plaintiffs Filed Identical Actions in Different Jurisdictions – California, Illinois, Massachusetts

The following individuals had filed TCPA class action lawsuits against Hangtime seeking to represent the same putative nationwide class in four different jurisdictions:

**Illinois State Court** – Zachary Goodman initiated his lawsuit by filing a TCPA claim in Illinois state court, which Hangtime removed to this Court (the "Goodman Action"). Goodman alleged that he received a text message stating that a Hangtime user had shared events with him. ECF No. 1, Ex. A ¶ 14. In the complaint, Goodman redacted the name of the Hangtime user who sent the message.

Through needlessly protracted discovery, Goodman revealed that he knew the user from a summer camp and had given him his telephone number. *See* Thompson Aff. at ¶ 4, Ex. C.

Goodman admitted in his deposition that he knew the Hangtime user, that he was a Facebook friend of the person, and that his brother was also a Facebook friend of this fellow camper. *Id*.

**Federal District Massachusetts –** In February 2014, Derrick Simms sued Hangtime under the TCPA in the District of Massachusetts, *Sims v. Hangtime, Inc.*, Case 1:14-cv-10427-RWZ (the "Sims Action"). Sims's allegations were identical to those of Goodman. Sims voluntarily dismissed the Sims Action and was added as a plaintiff in the Goodman Action.

Although he initially revealed the name of the Hangtime user who sent him a message, he later redacted this information when he joined the Goodman Action. He also resisted discovery about the identity of the person. When he revealed the name, it was uncovered that at least four of that user's Facebook friends had installed and used the Hangtime App. *See* ECF No. 52-2 at ¶ 12-14.

**Northern District of Illinois –** In February 2014, Ishmael Salam, a Chicago attorney specializing in class action lawsuits filed a putative class action against Hangtime and Buc Mobile, Inc. d/b/a Hook Mobile under the TCPA in the Northern District of Illinois – *Salam v. Hangtime, Inc.*, Case: 1:14-cv-01252 (the "Salam Action"). Salam's allegations were identical to those of Goodman and Sims. Salam voluntarily dismissed his complaint and is not a named party in the Goodman Action or a party to the Settlement Agreement. *See* ECF No. 70.

**Northern District of California –** In May 2014, Emily Kozlow, a Tennessee resident, filed suit against Hangtime in the Northern District of California – *Kozlow v. Hangtime, Inc.*, Case 4:14-cv-02249-YGR (the "Kozlow Action"). Kozlow's claims were identical to those of Goodman, Sims and Salam. She also sought to represent a putative nationwide class of any consumer who received a text message from a Hangtime user. Kozlow settled her action separately for $1,500 and no attorneys' fees. *See* Kozlow Action, ECF No. 49.

3

### B. Plaintiffs Goodman, Sims and Salam Opposed Efforts by Plaintiff Kozlow and Defendants to Conserve Resources Through Consolidation

Hangtime sought to consolidate the four matters in the Northern District of California for several reasons: (1) Hangtime is located in California and hoped to reduce its legal expense by relying on national counsel based near its operations; (2) counsel for Goodman had offices in California and could easily attend hearings in the district; (3) Kozlow had filed in the Northern District of California because of Hangtime's operations in that venue; and (4) Hangtime hoped to avoid having to engage multiple law firms in different jurisdictions.

Hangtime attempted to meet and confer with plaintiffs to support consolidation, but they resisted. Hangtime filed a motion with the Judicial Panel on Multi-District Litigation ("JPML") seeking transfer of the four actions to the Northern District of California where the cases would proceed in the jurisdiction where most of the evidence was likely to be. *See* In re: Hangtime Telephone Consumer Protection Act Litigation, MDL Docket No. 2563 ("MDL") ECF No. 25. After Hangtime conveyed its intentions, plaintiffs Goodman and Salam sought to consolidate their actions in the Northern District of Illinois. *See* Thompson Aff. at ¶ 5, Motion at 6.

Plaintiffs also resisted efforts to coordinate discovery. After propounding notices of deposition for a corporate representative in August 2014, Hangtime demanded that the plaintiffs coordinate among themselves so Hangtime's witnesses could be deposed once. They never agreed, never coordinated, and the depositions never happened. *Id.* at ¶ 5.

### C. Goodman Took a Back Seat to Kozlow in Pursuing the Class Claim

During the pendency of the MDL, Hangtime requested a stay of litigation, which counsel for Salam agreed to, but Goodman refused. *See* Thompson Aff. at ¶ 5. Hangtime was thus required to file a motion seeking a stay. Thompson Aff. at ¶ 5; ECF No. 23;

4

The Court denied the stay, but Goodman did very little after obtaining this "win." In August 2014, Hangtime served its initial disclosures and objections to Goodman's written discovery. Thompson Aff. at ¶ 6. Although Hangtime agreed to provide responsive information, it objected to producing substantive information about its operations and other business practices prior to entry of a protective order. *Id.* Goodman did not seek entry of a protective order until late November 2015, so his discovery effort ground to a halt. *See* ECF No. 57.

In contrast, Kozlow stipulated to a protective order in August 2014 and received discovery responses and documents containing confidential information. *See* Thompson Aff. at ¶ 7. After reviewing the information produced, Kozlow propounded additional discovery, and prepared its expert report. *See id.*

Thus, Goodman and Sims cannot demonstrate any value achieve by their pugilistic opposition to Hangtime's stay motion because Kozlow actually advanced the ball substantively by a protective order to allow meaningful discovery to proceed.

**D.    Goodman and Sims Needlessly Increased Costs by Evading Discovery**

In addition to being dilatory in their pursuit of discovery, Goodman and Sims employed evasive discovery tactics thereby needlessly increasing costs. Hangtime propounded limited written discovery. *See* Thompson Aff. at ¶ 8. Goodman and Sims responded with boilerplate objections and refusals to respond to five out of seven interrogatories. *See id.*; *see also id.* at Exs. D-G. They objected to providing substantive responses to questions about the Hangtime User whose name was redacted in the complaint, claiming that the term "Hangtime User" was ambiguous – even though this was the same language Goodman and Sims used in the complaint to identify the individual referenced in the text messages they allegedly received. *See id.*; *see also* ECF No. 46 ¶¶ 16, 18.

5

Hangtime had to meet and confer with plaintiffs on multiple occasions by phone and email in seeking straightforward responses to its discovery. Although Plaintiffs ultimately agreed to amend their responses, they continued to send numerous, contentious emails to justify their evasion of Hangtime's limited written discovery. *See* Thompson Aff. at ¶ 8.

### E. Hangtime Expended the Bulk of Its Resources on the Merits

When it was not responding to the non-cooperative and combative tactics of Goodman, Salam, and Sims, Hangtime spent most of its resources trying to resolve the dispute on the merits. About 25% of Hangtime's total time spent on the Goodman matter – $105,000 – was spent on Hangtime's motion to strike class allegations. *See id.* at ¶ 15. If Hangtime had prevailed, it would have substantially reduced Hangtime's financial exposure. Goodman and Salam cannot point to anything they did that contributed substantially to the redress they obtained in the Settlement Agreement. In fact, the Goodman Action settled before plaintiffs expended substantial resources on substantive matters (such as experts or class notice) and directly following resolution of the Kozlow Action.

In March 2015, Hangtime and counsel for Kozlow appeared for a mandatory settlement conference before Magistrate Judge Spero in the Northern District of California. *Id.* at ¶ 10. Prior to the settlement conference, Hangtime provided to Kozlow a balance sheet reflecting its limited resources. *Id.* at ¶ 11. With Judge Spero's assistance the parties reached a settlement for a sum of $1,500 to Kozlow, with each side bearing its own attorneys' fees, and a dismissal with prejudice. Kozlow Action, ECF No. 49. The settlement excluded an award of attorneys' fees despite Kozlow having substantially completed fact discovery and expended resources on an expert report. *See* Thompson Aff. at ¶ 12.

Within weeks, the parties to the Goodman Action reached an agreement in principle. On March 31, 2015, the parties memorialized the main terms of their agreement in a memorandum

6

of understanding. *Id.* at ¶ 3, Ex. B. The final Settlement Agreement was submitted to the Court with plaintiffs' motion for preliminary approval. ECF No. 96 at Ex. B.

## II. THE COURT SHOULD LIMIT ATTORNEYS' FEES PER THE EXPRESS WORDING OF THE SETTLEMENT AGREEMENT

### A. The Settlement Agreement Limits Fee Recovery to Class Counsel

Section 7.1 of the Settlement Agreement provides that Hangtime agreed to pay "reasonable attorneys' fees and costs to Class Counsel in an amount to be determined by the Court as the Fee Award upon petition by Class Counsel." Thompson Aff. at ¶ 2, Ex. A. The Settlement Agreement defines "Class Counsel" as four attorneys: "Rafey S. Balabanian, Ari J. Scharg, and John C. Ochoa of Edelson PC and David Pastor of Pastor Law Office, LLP." *Id.* at Sec. 7.1. Excluded from the definition of Class Counsel are the other attorneys from Edelson PC, the firm Lite De Palma Greenberg LLC, who represented Salam, and Leonard Law Office and Sweetnam LLC who represented Sims.

The limited definition of Class Counsel was confirmed twice in the preliminary approval orders entered by the Court, which also defined Class Counsel as "Rafey S. Balabanian, Ari J. Scharg, and John C. Ochoa of Edelson PC and David Pastor of Pastor Law Office, LLP." ECF Nos. 101 and 108. These orders also confirmed that Hangtime was only required to pay reasonable attorneys' fees to Class Counsel and no other attorneys or firms. *See id.*

Based on the plain language of Section 7.1 in the Settlement Agreement, the maximum fees recovery for Goodman and Sims is $249,111, which is the total amount billed by the four attorneys identified in the definition of Class Counsel. *See* Mot. at 14-15.

7

### B. Plaintiffs Salam and Sims Have No Basis to Recover Attorneys' Fees in Actions They Voluntarily Dismissed

The Settlement Agreement is the sole basis for plaintiffs' claim to attorneys' fees in the Goodman Action. By its terms, there is no right to recover for efforts expended in other actions – either the Salam Action or the Sims Action in Massachusetts.

Salam dismissed his complaint and is not a party to the Settlement Agreement. For that reason, Salam's lawyers at Lite De Palma Greenberg are not among those lawyers identified as Class Counsel in the Settlement Agreement.[1] And nothing in the Settlement Agreement provides for attorneys' fees in the Salam Action.

Similarly, the Settlement Agreement does not provide for any recovery by Sims in the Massachusetts action that he dismissed. Hangtime acknowledges the contributions of Sims' counsel in the Goodman Action by not contesting the fees incurred to prepare for and defend the Sims deposition (which occurred after the matter was consolidated in the Northern District of Illinois). Hangtime also allowed for recovery of non-duplicative fees incurred in preparing pleadings and otherwise participating in the Goodman Action.[2] But there is no basis for Sims' lawyers to recover for fees incurred in an action that they voluntarily dismissed.

As a matter of basic contract law, there is no consideration for Hangtime to pay fees for time billed in a separate action that is not being settled and that has already been dismissed. Accordingly, the Court should not allow Salam or Sims to recover those fees here.

---

[1] Hangtime has no knowledge of the negotiations among Class Counsel or of the designation of Lite De Palma Greenberg as Liaison Counsel.

[2] Hangtime anticipates that Sims will counter that he should be permitted to recover fees incurred to investigate his claims in the Massachusetts action. But the Court should not accept the argument. There are no unique allegations in the consolidated Goodman complaint related to Sims. Nor did Goodman make any material changes to the original complaint when Sims was added. In fact, the complaints in Goodman and Sims were substantially identical, and sought to represent the same putative class.

## III. THE COURT SHOULD LIMIT GOODMAN AND SIMS' RECOVERY TO FEES REASONABLY INCURRED TO OBTAIN RELIEF

### A. Hangtime Agreed Not To Contest Reasonable Requests for Attorneys' Fees

While Hangtime maintains that the Court may strictly construe the Settlement Agreement to limit any recovery to the four attorneys identified as Class Counsel, Hangtime offered as a compromise not to contest fees billed to the following activities in their entirety:

- Depositions – $29,536.50

- Motion to Compel – $20,312.50

- Goodman JPML/MDL Proceedings – $7,992.00

In addition to these amounts, Hangtime offered to allow Goodman and Sims to recover half of what was spent on the pleadings in the Goodman Action – $11,300.50. Hangtime sought this discount because the facts set forth in the pleadings are not complicated – Goodman and Sims alleged that they received a text message that was unsolicited containing a link to Hangtime's website. ECF No. 46.

Hangtime also offered not to dispute $15,229 of the fees plaintiffs billed to the settlement process. The two-thirds reduction of plaintiffs' requested fees is warranted given that the settlement is limited to injunctive relief; Hangtime agreed to make these changes on the heels of the Kozlow Action, which settled without attorneys' fees despite Kozlow spending significant resources on fact discovery and the retention of an expert witness. *See* Thompson Aff. at ¶¶ 7, 12. Furthermore, the time billed by counsel for Goodman and Sims is excessive due to their own inefficiencies. On two separate occasions, plaintiffs needed additional time to provide or submit settlement materials, each time citing their need to coordinate with counsel as the reason for delay. Thompson Aff. at ¶ 13, Exs. H, I. Hangtime should not have to pay for the inefficiencies of counsel and their difficulties working together. Finally, plaintiffs were well aware of

9

Hangtime's limited financial resources, so it would have been prudent to limit the expenditure of resources in seeking approval of the settlement.

Hangtime recognizes some amount of case management was necessary. For that reason, Hangtime offered not to oppose $3,063.00 of the time plaintiffs billed to "case management," which included time spent on court appearances and meet and confers. But claiming fees for five separate law firms is excessive. At many of the case management activities, three or more counsel participated or attended. Hangtime should not have to pay for redundancies in counsel's billed time and thus a two-thirds reduction of their requested fees is reasonable.

In sum, Hangtime agreed not to contest $87,433.50 as reasonable fees for time in the Goodman Action. Hangtime submits that the fee award should not exceed that amount.

B.  **Plaintiffs' Fees Requested Are Excessive**

"[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorneys' fees.... where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Max M v. Illinois State Bd. of Educ.*, 684 F. Supp. 514, 529 (N.D. Ill.1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (where the Supreme Court determined that a party's relative success was an essential factor in awarding attorneys' fees)). In *Max M*, plaintiff secured a fraction of the relief sought in an action involving the education of a handicapped child. *See id.* at 531. Consequently, the court determined that a "fifty percent reduction in the lodestar will produce a fee which is reasonable in light of the results obtained." *Id.* Plaintiffs' fee request in the Goodman Action is unreasonable in light of the outcome. Thus, the Court should reduce the fee accordingly.

10

### 1. Placeholder Motions for Class Certification Do Not Warrant Fees

Plaintiffs did not file any substantive class certification motions in the Goodman Action. The first class certification motion filed with the complaint requested an opportunity to "submit a fulsome memorandum" in support of class certification. ECF No. 1 at Ex. A. Ten months later, plaintiffs filed a second motion for class certification on November 24, 2015, that again requested an opportunity to "submit a fulsome memorandum" in support of class certification. *See* ECF No. 54 at 1. Both motions contain boilerplate law about class certification and excerpts from the complaints. No substantial effort was expended on these motions.

Plaintiffs contend that they should recover for work performed on a more thorough motion for class certification that they intended to file. This argument ignores that the Court ordered plaintiffs to file their class certification motion by November 24, 2014. ECF No. 20.

Hangtime should not have to pay for plaintiffs' dupe and revise efforts on placeholder motions or work performed on an untimely, third motion for class certification.

### 2. Plaintiffs' Evasive Discovery Practices

Contrary to plaintiffs' assertions, Hangtime has not opposed all fees billed to discovery, In fact, Hangtime has offered not to dispute time billed for depositions and the time they spent moving to compel additional discovery from Hangtime. *See, supra,* sec. III.A. Hangtime only disputes the time plaintiffs spent in responding to discovery and issuing third-party subpoenas. First, plaintiffs responded to Hangtime's discovery requests with boilerplate objections and refusals to provide responsive information. *See* Thompson Aff. at ¶ 8, Exs. D, F. When Hangtime tried to meet and confer, plaintiffs resisted without any good faith basis. They eventually relented and provided the information. *See id.* at ¶ 8, Exs. E, G.

As to the third-party subpoenas, they were substantially similar, likely did not require much effort, and Hangtime was not even served any responses to them. *See* Thompson Aff. at

11

¶ 9. The Court should not reward plaintiffs' evasive discovery tactics including improperly objecting to discovery and withholding third-party productions from Hangtime.

### 3. Other Unnecessary Billing that Did Not Advance the Merits of the Case or Contribute to the Outcome

Plaintiffs similarly devoted resources to tasks that did not develop the merits of the case or advance the litigation towards resolution. They should not recover for these ineffective expenditures of time and resources.

- <u>Leadership coordination between counsel</u>. Plaintiffs expended excessive energies on the motion for preliminary approval because of internecine disputes about drafting. Hangtime should not be required to pay fees for disagreements between plaintiffs' counsel that caused inefficiencies in the litigation.

- <u>Unnecessary motion practice</u>. Plaintiffs filed a motion to consolidate the Salam Action with Goodman, only to dismiss him as a named plaintiff. ECF Nos. 33, 62, 70. Similarly, Goodman opposed Hangtime's motion to stay discovery, but did not seek a protective order or move forward with discovery for months. *See* Thompson Aff. ¶¶5-6.

- <u>Other billing did not advance the litigation</u>. Plaintiffs should not recover for the entries identified as "other billing" in Exhibit 1 of the Motion because (i) entries were redacted such that Hangtime could not determine why the time was billed, s*ee* Leonard Decl. Ex. B ("Discussion with David Pastor re: [redact]"; "Review of [redacted]"); (ii) other entries lacked specificity, s*ee* Scharg Decl., ECF No. 111, Ex. B (entries billed to "various motions", "phone call with co-counsel", "prep (1.4)"); and (iii) other activities that plaintiffs have not justified.

None of these tasks advanced the litigation on the merits or contributed to the settlement.

## C. Plaintiffs' Efforts Compare Unfavorably with Defendants' Time

Plaintiffs request fees for 889 hours of time, whereas Hangtime's counsel – both Goodwin Procter and its local counsel – Bernstein Law Firm – billed 821 hours on this matter. *See* Mot. at 14-15; Scharg Decl., ECF No. 111, Ex. C. Plaintiffs thus billed 68 more hours than Hangtime – a corporate defendant. *See id.* This is highly unusual and plaintiffs have no explanation for their excessive billing.

This case is not unlike other class actions where defendant corporations are required to expend substantially more resources than plaintiffs representing a putative class of individual consumers. The bulk of the fact finding involves the records and witnesses of defendants. Much of the limiting motion practice is initiated by defendants. Plaintiffs usually limit resources to defending the depositions of their witnesses and responding to narrowly tailored written discovery. To the extent they spend substantial amounts, it is generally on experts and detailed motions for class certification. Goodman and Sims did not retain any experts and by their own admission they did not file "fulsome" motions for class certification.

Goodwin Procter spent nearly 30% of its time – over 186 hours and $100,000 – on the motion to strike class allegations. Thompson Aff. at ¶ 15. This motion had significant case implications. Plaintiffs did not have a similar merit focused filing that accounts for their higher number of hours billed. The remainder of the time that Hangtime spent on the other aspects of the litigation were comparatively more efficient than plaintiffs' billed time.

| Time Billed Excluding Motion to Strike | Plaintiffs | Hangtime (Goodwin Procter and local counsel) |
|---|---|---|
| Hours | 820.9 | 623.7 |
| Fees | $364,925.98 | $293,356.63 |

13

**IV. THE COURT SHOULD CAP THE INCENTIVE AWARDS AT THE MAXIMUM POSSIBLE RECOVERY**

Plaintiffs have requested that the named plaintiffs – Goodman and Sims – receive $3,000 as incentive awards. Motion at 31. This request is double what plaintiffs would have received had they proved that Hangtime knowingly and willfully violated the TCPA. *See* 47 U.S.C. § 227(g)(3)(B) and (C) (actual damages of $500 with treble damages for a willful or knowing violation). Plaintiffs have not furnished any authority to support an incentive award that is double the maximum that they could have obtained a complete victory on the merits.

If the Court were to consider the commitment of the named plaintiff and its counsel, the relief in Kozlow should place an upper limit on their recovery. In that case, the plaintiff's lawyers had prepared an expert report and nearly completed discovery. She only recovered $1,500. *See* Kozlow Action, ECF No. 49 (acknowledging settlement for "the maximum amount that she could have recovered individually under the [TCPA]").

**V. THE COURT SHOULD DISCOUNT THE FEE RECOVERY TO ACCOUNT FOR HANGTIME'S LIMITED RESOURCES**

In March 2015, the parties reached a settlement limited to injunctive relief based, in part, on an documents provided by Hangtime demonstrating its inability to fund a settlement for monetary relief. ECF No. 96; 96-1, Ex. 1. Granting plaintiffs' requested fees in their entirety would undermine the reasoning behind that settlement. Consistent with the context in which the settlement was reached, the Court should further reduce Plaintiffs' requested fees to account for Hangtime's limited financial resources.

**VI. CONCLUSION**

Plaintiffs have unreasonably requested fees for actions for which there is no contractual basis for attorneys' fees, tasks that were excessively overbilled, and total fees that exceed the

14

benefits to the class and Hangtime's financial resources. Hangtime requests that the Court only award Class Counsel the $87,433.50 offered by Hangtime as reasonable attorneys' fees.

Date: September 11, 2015                    Respectfully submitted,

/s/ Patrick S. Thompson
Patrick S. Thompson (*pro hac vice*)
*pthompson@goodwinprocter.com*
Hong-An Vu (*pro hac vice*)
*hvu@goodwinprocter.com*
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel.: 415.733.6000
Fax.: 415.677.9041

Brian W. Cook (*pro hac vice*)
*bcook@goodwinprocter.com*
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel.: 617.570.1000
Fax.: 617.523.1231

Louis D. Bernstein
*lbernstein@law-ldb.com*
BERNSTEIN LAW FIRM
350 N. Clark Street, Suite 400
Chicago, IL 60654
Tel.: 312.645.6090
Fax.: 866.929.7392

Attorneys for Defendants
HANGTIME, INC. and BUC MOBILE, INC.

**CERTIFICATE OF SERVICE**

I, Patrick S. Thompson, an attorney, certify that on September 11, 2015, I caused to be filed HANGTIME, INC.'S OPPOSITION TO MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS , which was served upon all parties of record by the CM/ECF system.

/s/ Patrick S. Thompson
Patrick S. Thompson