# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ZACHARY GOODMAN, and DERRICK SIMS, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> HANGTIME, INC., an Delaware corporation, and BUC MOBILE, INC. d/b/a HOOK MOBILE, a Delaware corporation, <br><br> *Defendants*. | Case No. 1:14-cv-01022 <br><br> [Hon. John R. Blakey] |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiffs Zachary Goodman ("Goodman") and Derrick Sims ("Sims") (collectively, the "Plaintiffs"), the Settlement Class (as defined herein), and Defendants Hangtime, Inc. ("Hangtime") and Buc Mobile, Inc. d/b/a Hook Mobile ("Hook Mobile") (collectively, the "Defendants") (together, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Injunctive Claims (as defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the approval of the Court.

**RECITALS**

A.     On February 13, 2014, Goodman filed a putative class action against Hangtime in the United States District Court for the Northern District of Illinois, captioned *Goodman v. Hangtime, Inc.*, Case No. 1:14-cv-1022 (the "Action"). Goodman's Complaint alleged that Hangtime violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending an unsolicited text message to his cell phones promoting Hangtime's services (Dkt. 1.)

Plaintiff alleged that the text message at issue was promotional in nature and utilized telephone-dialing equipment to reach Goodman and other members of the putative class without their prior express consent. (*Id.*)

B.      On February 26, 2014, Sims filed a putative class action against Hangtime in the District Court of Massachusetts, alleging substantially similar TCPA violations of those in the *Goodman* Action. *See Sims v. Hangtime, Inc.*, No. 14-cv-10427 (D. Mass.). On July 7, 2014, Sims and Goodman filed a First Amended Class Action Complaint together in this Court against Hangtime (dkt. 32), and Sims voluntarily dismissed the Massachusetts action on October 14, 2014.

C.      On October 31, 2014, Goodman and Sims filed a Consolidated Class Action Complaint against Hangtime and Hook Mobile. (Dkt. 46.)

D.      On November 17, 2014, Hangtime and Hook Mobile moved to dismiss and strike class allegations. (Dkts. 47, 52.)

E.      During the pendency of these motions, Plaintiffs and Defendants exchanged initial disclosures, served and responded to written discovery, and conducted depositions of Goodman and Sims. Plaintiffs also took third-party discovery on several entities involved in the transmission of the text messages at issue, and noticed the depositions of Defendants' employees and corporate representatives.

F.      On February 3, 2015, the Court denied the motion to dismiss as moot, and took the motion to strike class allegations under submission. (Dkt. 84.) Defendants thereafter answered the complaint and each raised thirteen (13) affirmative defenses. (Dkts. 88, 89.)

G.      On January 26, 2014, Plaintiffs moved to compel Hangtime and Hook Mobile to produce relevant documents and produce its corporate designees for deposition.  (Dkt. 79.) The

Court granted Plaintiffs' motion to compel on February 11, 2015. (Dkt. 87.)

H.      Following the production of the outstanding documents, the Parties began discussing a possible resolution of this lawsuit, and ultimately agreed to the settle the Action on the terms contained herein.

I.      Based upon extensive analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burdens and expense of such litigation— including the risks and uncertainties associated with protracted trial and appeals—as well as the fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of Plaintiffs and the Settlement Class as it will promptly provide them with injunctive relief.

J.      At all times, Defendants have denied, and continue to deny, any wrongdoing whatsoever. Specifically, Defendants have denied that the text messages at issue violate the TCPA or any other statute or law. In addition, Defendants maintain that they have meritorious defenses to class certification and to the claims alleged in the Action, and are prepared to vigorously defend against them. Nevertheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff Goodman and Plaintiff Sims, the Settlement Class, and Defendants, by and through their respective counsel, that, subject to final approval of the Court after a hearing or hearings as

provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, that the Action and the Released Injunctive Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

1.  **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    **"Action"** means the putative class action against Hangtime filed in the United States District Court for the Northern District of Illinois, captioned *Goodman v. Hangtime, Inc.*, Case No. 1:14-cv-1022, as amended.

1.2    **"Class Counsel"** means Rafey S. Balabanian, Ari J. Scharg, and John C. Ochoa of Edelson PC and David Pastor of Pastor Law Office, LLP.

1.3    **"Class Representatives"** mean the named Plaintiffs in this Action, Zachary Goodman and Derrick Sims.

1.4    **"Court"** means the United States District Court for the Northern District of Illinois, the Honorable John Robert Blakey presiding, or any judge who shall succeed him as judge in this Action.

1.5    **"Defendants"** mean Hangtime, Inc. and Buc Mobile, Inc. d/b/a Hook Mobile.

1.6    **"Defendants' Counsel"** means Patrick S. Thompson, Brian Wesley Cook, and Hong-an Vu of Goodwin Procter LLP, and Louis David Bernstein of The Bernstein Law Firm, LLC.

1.7     **"Effective Date"** means the first business day after which all of the events and conditions specified in Paragraph 8.1 have been met and have occurred.

1.8     **"Fee Award"** means reasonable attorneys' fees and costs that Hangtime has agreed pay to Class Counsel in an amount to be determined by the Court.

1.9     **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Settlement Agreement; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.10    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement and determining the Fee Award.

1.11    **"Final Judgment"** means the Final Judgment and order(s) to be entered by the Court approving the Settlement Agreement and determining the Fee Award.

1.12    **"Judgment"** means the Judgment and order(s) to be entered by the Court approving the Settlement Agreement.

1.13    **"Liaison Counsel"** means Katrina Carroll of Lite DiPalma Greenberg LLC.

1.14    **"Objection Deadline"** means the date by which a written objection to this Settlement Agreement submitted by a Person within the Settlement Class must be postmarked

and/or filed with the Court, which shall be designated as a date no later than fifty-six (56) days after Preliminary Approval, or such other date as ordered by the Court.

1.15    **"Parties"** means Plaintiff Goodman, Plaintiff Sims, and the Settlement Class, on the one hand, and Defendant Hangtime and Defendant Hook Mobile, on the other.

1.16    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.17    **"Plaintiffs"** means Zachary Goodman, Derrick Sims, and the Settlement Class Members, collectively.

1.18    **"Preliminary Approval"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and approving the Website Notice, a proposed copy of which will be submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.19    **"Promotional Text Message"** means an SMS text message which contained any of the following content:

- "[Name of user] added you as a friend on Hangtime. Check out what he's doing this week!"
- "Hey its [name of user]. I'm interested in 'The Super Bowl' r u?"
- "[Name of user] shared events with you on Hangtime"

1.20    **"Released Injunctive Claims"** means any and all claims pursuant to 47 U.S.C. § 227(b)(3)(A) or other such claims for injunctive or declaratory relief of any kind or nature, whether foreseen or unforeseen, and whether known or unknown, arising in any way from the receipt by Settlement Class Members of the Promotional Text Messages. For purposes of clarity, Released Injunctive Claims do not include any claims belonging to Settlement Class Members

6

for monetary damages pursuant to 47 U.S.C. § 227(b)(3)(B) or any other cause of action.

1.21     **"Released Parties"** means Defendant Hangtime and Defendant Hook Mobile, as well as their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, successors in interest, companies, firms, trusts, and corporations.

1.22     **"Releasing Parties"** means Plaintiffs and Settlement Class Members, and all of their present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and legatees.

1.23     **"Settlement Class"** means those Persons certified as a settlement class under Federal Rule of Civil Procedure 23(b)(2) from which exclusions shall not be permitted, consisting of all Persons in the United States that received a Promotional Text Message from Hangtime from March 1, 2013 until the date of Preliminary Approval. Excluded from the Settlement Class are (1) any Judge, Magistrate Judge, or mediator presiding over this action and members of their families, and (2) the Defendants, Defendants' parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, and employees.

1.24     **"Settlement Class Member(s)"** means a Person who falls within the definition of the Settlement Class as set forth above.

1.25     **"Website Notice"** means the legal notice of the terms of this Settlement Agreement, as approved by Class Counsel, Defendant's Counsel, and the Court, to be made

accessible to Settlement Class Members on a website to be hosted by Class Counsel (as further provided for in Paragraphs 4.1 and 4.2 below). The Website Notice shall be substantially similar to the form attached hereto as Exhibit 1.

**2.      SETTLEMENT RELIEF.**

2.1      **Injunctive Relief.** In consideration for the termination and dismissal of this Action as set forth herein, Defendants shall consent to the entry of an injunction, to be included as part of the Final Judgment, requiring that the following be instituted on or before the Effective Date and to remain in effect for a period of four (4) years to ensure that future text messages are sent only to recipients who have expressly consented to receive them:

(a).      Hangtime will modify its terms of service for its mobile application to ensure that it obtains the representation of any user inviting any other person to join Hangtime's mobile app that each individual receiving an invitation has expressly consented to receive a text message invitation from Hangtime;

(b).      Hangtime will display its terms of service to new users during the registration process through a "pop up" dialogue box, and new users will indicate their acceptance of such terms by checking a box containing the phrase "I agree" or "I accept"; and

(c).      Hangtime will not send text messages to the Settlement Class for any reason unless consent is first obtained in accordance with Paragraph 2(a) and (b), above.

2.2      **Injunction Costs.** Defendants will pay all costs in connection with the injunction described in Section 2.1 above.

**3.      RELEASE**

3.1      The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Injunctive Claims, as against all Released Parties.

3.2      Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed

8

to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Injunctive Claims against each and every one of the Released Parties.

**4.    NOTICE TO THE CLASS.**

4.1.    No later than ten (10) days after Preliminary Approval, the Website Notice shall be provided at www.HangtimeTextSettlement.com, which shall be developed and hosted by Class Counsel. The Website Notice shall be substantially similar to the form attached as Exhibit 1.

4.2.    The Settlement Website Notice shall advise the Settlement Class of their rights under the Settlement, including the right to comment upon and/or object to the Settlement Agreement or its terms. The Website Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection Deadline approved by the Court and specified in the Website Notice, the Person making an objection shall file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, and (c) send copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Defendants' Counsel.

4.3.    Any member of the Settlement Class who intends to object to this Settlement Agreement must include his or her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Settlement Class Member, provide the cellular phone number on which he or she

allegedly received the Hangtime Promotional Text Message, and provide a statement as to whether the objector intends to appear at the Final Approval Hearing, with or without counsel, accompanied by the signature of the objecting Settlement Class Member. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Website Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

**5.     TERMINATION OF SETTLEMENT.**

5.1     Subject to Paragraph 8 below, the Class Representatives, on behalf of the Settlement Class, or Defendants, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 8.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

6.1     Promptly after the execution of this Settlement Agreement, Class Counsel shall

submit this Agreement together with its Exhibits to the Court and shall move the Court for

Preliminary Approval of the settlement set forth in this Agreement, certification of the

Settlement Class for settlement purposes only, appointment of Class Counsel and the Class

Representatives, approval of the Website Notice, and entry of the order granting Preliminary

Approval, which shall set a Final Approval Hearing date.

6.2     At the time of the submission of this Settlement Agreement to the Court as

described above, Class Counsel and Defendants' Counsel shall request that the Court hold a

Final Approval Hearing and approve the settlement of the Action as set forth herein.

6.3     After the Website Notice is given, the Parties shall request and obtain from the

Court a Final Judgment. The Final Judgment will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class

Members and that the Court has subject matter jurisdiction to approve this Settlement

Agreement, including all attached exhibits;

(b)     approve the Settlement Agreement and the proposed settlement as fair,

reasonable and adequate as to, and in the best interests of, the Settlement Class Members;

direct the Parties and their counsel to implement and consummate the Settlement

Agreement according to its terms and conditions; and declare the Settlement Agreement

to be binding on, and have *res judicata* and preclusive effect in, all pending and future

lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other

Settlement Class Members and Releasing Parties as to Released Injunctive Claims;

(c)     find that the Class Representatives and Class Counsel adequately

represented the Settlement Class for purposes of entering into and implementing the

Agreement;

11

(d)      dismiss the Action on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

(e)      incorporate the release set forth above, make the release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

(f)      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) that (1) shall be consistent in all material respects with the Final Judgment, and (2) do not limit the rights of Settlement Class Members; and

(g)      incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

## 7.   CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.

7.1      Hangtime agrees to pay reasonable attorneys' fees and costs to Class Counsel in an amount to be determined by the Court as the Fee Award upon petition by Class Counsel. Defendants will be entitled to oppose the amounts claimed by Class Counsel. Payment of the Fee Award shall be made via wire transfer within thirty (30) days after the Effective Date to an account designated by Class Counsel.

7.2      Hangtime agrees to pay reasonable incentive awards to Plaintiffs Goodman and Sims in recognition of the time and effort they expended on behalf of the Settlement Class, in amounts to be determined by the Court upon petition by Class Counsel. Payment of the incentive awards to the Class Representatives shall be made via check to the Class Representatives and delivered to Class Counsel within thirty (30) days after the Effective Date

## 8.   CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

8.1     The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

(a)     This Agreement has been signed by the Parties, Class Counsel and Defendants' Counsel;

(b)     The Court has entered an order granting Preliminary Approval of the Agreement;

(c)     The Court has entered an order approving the Settlement Agreement at a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

(d)     The Final Judgment has become Final, or, in the event that the Court enters an order and Final Judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become Final.

8.2     If some or all of the conditions specified in Paragraph 8.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 8.3, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's

13

decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive awards to the Class Representatives, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

8.3     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 5.1, 8.1, or 8.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into and, pursuant to Paragraph 9.4 below, this Agreement shall not be used for any purpose whatsoever against any of the Parties.

## 9.     MISCELLANEOUS PROVISIONS.

9.1     The Parties: (1) acknowledge that it is their intent to consummate this Settlement Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

9.2     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Injunctive Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the

Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

9.3     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

9.4     Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Injunctive Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the injunctive relief or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)     is, may be deemed, or shall be used, offered or received against Defendants as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)     is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence

15

of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any

fact alleged by Defendants, or the availability or lack of availability of meritorious

defenses to the claims raised in the Action;

      (d)     is, may be deemed, or shall be used, offered or received against the

Released Parties, or each or any of them as an admission or concession with respect to

any liability, negligence, fault or wrongdoing as against any Released Parties, in any

civil, criminal or administrative proceeding in any court, administrative agency or other

tribunal.  However, the settlement, this Agreement, and any acts performed and/or

documents executed in furtherance of or pursuant to this Agreement and/or settlement

may be used in any proceedings as may be necessary to effectuate the provisions of this

Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party

or any of the Released Parties may file this Settlement Agreement and/or the Final

Judgment in any action that may be brought against such party or Parties in order to

support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

release, good faith settlement, judgment bar or reduction, or any other theory of claim

preclusion or issue preclusion, or similar defense or counterclaim;

      (e)     is, may be deemed, or shall be construed against Plaintiffs and the

Settlement Class, or each or any of them, or against the Released Parties, or each or any

of them, as an admission or concession that the consideration to be given hereunder

represents an amount equal to, less than or greater than that amount that could have or

would have been recovered after trial; and

      (f)     is, may be deemed, or shall be construed as or received in evidence as an

admission or concession against Plaintiffs and the Settlement Class, or each and any of

them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

9.5     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.6     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

9.7     All of the exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.9     Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in anyway related to the Action.

9.10     Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

9.11     Each counsel or other Person executing this Settlement Agreement, any of its

17

exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

9.12    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

9.14    This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

9.15    This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms'-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

9.16    Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

| **If to Plaintiffs' Counsel:** | **If to Defendants' Counsel:** |
| --- | --- |
| Ari J. Scharg | Patrick S. Thompson |
| EDELSON PC | GOODWIN PROCTER, LLP |
| 350 North LaSalle Street, Suite 1300 | Three Embarcadero Center, 24th Floor |

Chicago, Illinois 60654          San Francisco, California 94111

[SIGNATURES APPEAR ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**ZACHARY GOODMAN**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**DERRICK SIMS**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**EDELSON PC**
Attorneys for Plaintiffs Zachary Goodman and Derrick Sims

Dated: _____     By: _____

Dated: _____     **HANGTIME, INC.**

                    By: _____

                    Its _____

Dated: _____     **BUC MOBILE, INC. d/b/a HOOK MOBILE**

                    By: _____

                    Its _____

**GOODWIN PROCTER LLP**
Attorney for Defendants Hangtime, Inc. and Buc Mobile, Inc. d/b/a Hook Mobile

Dated: _____     By: _____

# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Goodman, et al. v. Hangtime, Inc., et al.,* Case No. 1:14-cv-01022

# If you received a text message on your cell phone relating to Hangtime or events on Hangtime, a class action settlement may affect your rights.

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A Settlement has been reached in a class action lawsuit against *Hangtime, Inc.* ("Hangtime") and *Buc Mobile, Inc. d/b/a Hook Mobile* ("Hook Mobile") (collectively, "Defendants"). The lawsuit alleges that Hangtime, through Hook Mobile, sent unsolicited promotional text messages to cellular telephones.

- You are included in the Settlement if you received a received a text message from Hangtime that stated:

    o "[Name of user] added you as a friend on Hangtime. Check out what he's doing this week!"

    o "Hey its [name of user]. I'm interested in 'The Super Bowl' r u?"

    o "[Name of user] shared events with you on Hangtime"

- This Settlement does not include the payment of any money, but only the entry of an injunction against Defendants making them follow a specific process to make sure they are sending text messages only to recipients who have expressly consented to receive them.

- Under the terms of this settlement you do not give up, and expressly retain, your right to sue the Defendants for money damages.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will give up your rights to sue the Defendant for injunctive relief about the issues in this case, but will retain your right to sue the Defendants for money damages. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement.

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A Court authorized this notice to let you know about a proposed Settlement with the Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge John R. Blakey of the U.S. District Court for the Northern District of Illinois is overseeing this class action. The case is called *Goodman, et al. v. Hangtime, Inc. et al.*, Case No. 1:14-cv-01022. The people who filed the lawsuit, Zachary Goodman and Derrick Sims, are the Plaintiffs. The companies they sued, Hangtime, Inc. and Buc Mobile d/b/a Hook Mobile, are the Defendants.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Zachary Goodman and Derrick Sims—sue on behalf of a group of people who have similar claims. Together, this group is called a "class" and consists of "class members." This class action falls under Federal Rule of Civil Procedure 23(b)(2), which means that the Class seeks injunctive relief instead of monetary relief. Injunctive relief means that the court orders the Defendants to stop engaging in a certain type of action. In this type class action, the court resolves the issues for all class members by including them within the scope of the injunction. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that Defendants sent unsolicited text messages to cellular telephones without the owners' consent. The text messages promoted the mobile application Hangtime. The lawsuit alleges Defendants violated a federal law called the Telephone Consumer Protection Act because consumers did not agree to receive these text messages.

Defendants deny these allegations and are entering into the settlement to avoid time-consuming and expensive litigation. The settlement is not an admission of wrongdoing by Defendants. More information about the complaint in the lawsuit and the Defendants' answers can be found in the "Court Documents" section of the settlement website at www.HangtimeTextSettlement.com.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendants should win this case. Instead, both sides agreed to a Settlement based, in part, on Hangtime's financial condition, which does not allow it to pay any class members money as part of any settlement or court order. This way, both sides can avoid the uncertainty and expense of ongoing litigation, and Settlement Class Members will get injunctive relief now rather than years later—if ever. Plaintiffs Goodman and Sims and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Settlement Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that this Settlement includes a Class of all persons in the United States that received a text message from Hangtime with any of the following content:

> "[Name of user] added you as a friend on Hangtime. Check out what he's doing this week!"

> "Hey it's [name of user]. I'm interested in 'The Super Bowl' r u?"

> "[Name of user] shared events with you on Hangtime"

If you meet the above definition, you are a Settlement Class Member.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

As part of the Settlement, Hangtime has agreed to the entry of a court order that requires it to change its practices in the following ways:

(a) Hangtime will modify its terms of service for its mobile application to ensure that it obtains the representation of any user inviting any other person to join Hangtime's mobile app that each individual receiving an invitation has expressly consented to receive a text message invitation from Hangtime;

(b) Hangtime will display its terms of service to new users during the registration process through a "pop up" text box, and new users will indicate their acceptance of such terms by checking a box containing the phrase "I agree" or "I accept"; and

(c) Hangtime will not send text messages to the Settlement Class for any reason unless it first obtains consent in the manner described above.

## HOW TO GET BENEFITS

### 7. How do I get the benefits of the settlement?

You do not have to take any action in order to get settlement benefits. As a member of the Settlement Class, you automatically fall within the protection of the injunction.

### 8. When will the injunction take effect?

The hearing to consider the fairness of the Settlement is scheduled for { } { }, 2015 at { } { }.m. If the Court approves the Settlement, an injunction requiring the changes listed above by Hangtime will be entered.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

Yes, the Court has appointed lawyers Rafey S. Balabanian, Ari J. Scharg, and John C. Ochoa of Edelson PC, and David Pastor of the Pastor Law Office LLP as the attorneys to represent you and other Settlement Class Members. These attorneys are called "Class Counsel." Class Counsel can be reached by calling 1-866-354-3015. The Court has also appointed Katrina Carroll of Lite DiPalma

Greenberg LLC as Liaison Counsel. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Plaintiffs Zachary Goodman and Derrick Sims to serve as Class Representatives. Like you, they are Settlement Class Members.

## 10. How will the lawyers be paid?

Class Counsel will ask the Court for reasonable attorneys' fees and expenses. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel. The Court may award less than the amount requested. Hangtime has agreed to pay Class Counsel any amount the Court awards.

Class Counsel will request a service award (also known as an "incentive" award) for the Class Representatives for their services as class representatives and their efforts in bringing this case. The Court will make the final decision as to the amount to be paid to the Class Representatives. The Court may award less than the amount requested. Hangtime has also agreed to pay whatever amount the Court awards to the Class Representatives as service awards.

Class Counsel will file with the Court and post on the settlement website their request for attorneys' fees and expenses and request for an incentive award to the Class Representative two weeks before the objection deadline of { } { }, 2015.

## YOUR RIGHTS AND OPTIONS

## 11. What happens if I do nothing at all?

If you do nothing, you will be in the Class and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. You will not be able to start a lawsuit or be part of any other lawsuit for injunctive relief against the Defendants for the claims being resolved by this Settlement, however, you will retain your right to sue Defendants for money damages. Please be aware that there is a time limit for you to sue the Defendants for money damages based on your receipt of a Hangtime promotional text message. If you want to obtain more information about the time you have to file a lawsuit, you should contact an attorney.

## 12. How do I object to the Settlement?

You can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Goodman, et al. v. Hangtime, Inc. et al.*, Case No. 1:14-cv-01022 (N.D. Ill.) no later than **{ } { }, 2015**. Your objection should be sent to the United States District Court for the Northern District of Illinois at the following address:

Clerk of Court
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

If you are represented by a lawyer, the lawyer must file your objection through the Court's CM/ECF system. Include your lawyer's contact information in the objection.

The objection must be in writing and include the case name *Goodman, et al. v. Hangtime, Inc. et al.*, Case No. 1:14-cv-01022 (N.D. Ill.). Your objection must be personally signed and include the following information: (1) your name and address, (2) all arguments, citations, and evidence supporting your objection, including copies of any documents you rely on, (3) a statement that you are a Settlement Class Member, and (4) the cellular telephone number at which you received the text message. If you wish to appear and be heard at the hearing on the fairness of the Settlement, you or your attorney must say so in your written objection.

In addition to filing your objection with the Court, you must send copies of your objection and any supporting documents to both Class Counsel and the Defendant's lawyers at the addresses listed below:

| Class Counsel | Defense Counsel |
| --- | --- |
| Ari J. Scharg | Patrick S. Thompson |
| EDELSON PC | GOODWIN PROCTER, LLP |
| 350 North LaSalle Street | Three Embarcadero Center |
| Suite 1300 | 24th Floor |
| Chicago, IL 60654 | San Francisco, CA 94111 |

## THE COURT'S FAIRNESS HEARING

### 13. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the final fairness hearing at { } { }.m. on { } { }, 2015, before the Honorable John R. Blakey at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 in Courtroom 1725. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the settlement website, www.HangtimeTextSettlement.com or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov.

### 14. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 15. May I speak at the hearing?

You may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 12 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

## GETTING MORE INFORMATION

**16. Where can I get additional information?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.HangtimeTextSettlement.com, contact Class Counsel at 1-866-354-3015, access the Court docket in this case through the Court's PACER system at https://ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT PROCESS.**