IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZACHARY GOODMAN and DERRICK SIMS, individually and on behalf of a class of similarly situated individuals,<br><br>   Plaintiffs,<br><br> v.<br><br>HANGTIME, INC., a Delaware Corporation, and BUC MOBILE, Inc. d/b/a HOOK MOBILE, a Delaware corporation,<br><br>   Defendants. | Case No. 14 C 1022<br><br>Honorable John Robert Blakey |

## FINAL APPROVAL ORDER

The Court has considered the Parties' Class Action Settlement Agreement entered into by Plaintiffs Zachary Goodman and Derrick Sims ("Plaintiffs"), individually and as Class Representatives, and Defendants Hangtime, Inc. and Buc Mobile, Inc. d/b/a Hook Mobile, (collectively "Defendants") [121-3], as well as Plaintiffs' Motion for Final Approval of the Settlement Agreement [121], Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award [116], Hangtime's Opposition to Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award [117], and Plaintiffs' Reply in Support of Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award [123], together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on September 29, 2015, and the record in the Action, and good cause appearing,

It is hereby ORDERED, ADJUDGED, and DECREED THAT:

  1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. On June 29, 2015, the Court granted Preliminary Approval to the Settlement Agreement and certified the following class under Federal Rule of Civil Procedure 23(b)(2) for settlement purposes only: all Persons in the United States that received a Promotional Text Message from Hangtime from March 1, 2013 until June 29, 2015. Excluded from the settlement class are (1) any Judge, Magistrate Judge, or mediator presiding over this action and members of their families, and (2) Defendants, Defendants' parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, and employees.

4. Notice to the Settlement Class of the pendency of the Action and of this Settlement has been provided in accordance with the Court's order granting Preliminary Approval, constituted reasonable, appropriate and sufficient notice to all persons within the Settlement Class under the circumstances, and fully complied with the requirements of Fed. R. Civ. P. 23 and due process.

5. Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6. No Settlement Class Member has objected to any terms of the Settlement.

7. The Court now gives final approval to the Settlement Agreement, and finds that (i) the Settlement Agreement meets all applicable requirements of Federal Rule of Civil Procedure 23(a) and (b)(2), including that the Settlement Class is sufficiently numerous, that

there are questions of law and fact common to members of the Settlement Class, that the claims of Plaintiffs are typical of the claims of the Settlement Class, that Plaintiffs and their counsel adequately represent the interests of the Settlement Class, and that Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making injunctive relief appropriate, and (ii) the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation, as well as the risk involved in establishing liability and damages, maintaining the class action through trial and appeal, and recovering monetary relief in light of Hangtime's financial condition. *See*, *e.g.*, *Synfuel Techs., Inc.* v. *DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006).

8. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

9. This Court hereby dismisses this lawsuit on the merits and with prejudice.

10. Upon the Effective Date of this Final Judgment, the Releasing Parties, and each of them, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Injunctive Claims against each and every one of the Released Parties.

11. For purposes of clarity, any and all claims belonging to Settlement Class Members for monetary damages pursuant to 47 U.S.C. § 227(b)(3)(B) or any other cause of action are expressly preserved.

12. Upon the Effective Date of this Final Judgment, the above release of claims and

3

the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Injunctive Claims.

13. The following injunction must be implemented within thirty (30) days and remain in effect for a period of four (4) years:

    (a) Hangtime shall modify its terms of service for its mobile application to ensure that it obtains the representation of any user inviting any other person to join Hangtime's mobile app that each individual receiving an invitation has expressly consented to receive a text message invitation from Hangtime;

    (b) Hangtime will display its terms of service to new users during the registration process through a "pop up" dialogue box, and new users will indicate their acceptance of such terms by checking a box containing the phrase "I agree" or "I accept"; and

    (c) Hangtime will not send text messages to the Settlement Class for any reason unless consent is first obtained in accordance with Paragraph 2(a) and (b), above.

14. Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards is granted in part. The Court hereby approves an award of attorneys' fees to Class Counsel in the amount of $291,841.50 ($220,666.50 to Edelson PC and $71,175.00 to Pastor

4

Law Office LLP), and finds that, in accordance with the terms of the Settlement Agreement, Defendants are not obligated to pay the fees of attorneys other than Class Counsel.

15. The Court hereby awards the Class Representatives (Zachary Goodman and Derrick Sims) incentive awards in the amount of $4,000 each ($8,000 total) to compensate them for their efforts and commitment on behalf of the Settlement Class, which the Court finds to be fair, reasonable, and justified under the circumstances of this case.

16. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

18. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

19. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment

**IT IS SO ORDERED**.

Date: October 7, 2015          ENTERED:

_____
John Robert Blakey
United States District Judge