IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ZACHARY GOODMAN and DERRICK SIMS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HANGTIME, INC., a Delaware Corporation, and BUC MOBILE, Inc. d/b/a HOOK MOBILE, a Delaware corporation,<br><br>Defendants. | Case No. 14-cv-1022<br><br>[Hon. John Robert Blakey] |

**MOTION BY LITE DEPALMA GREENBERG, LLC FOR RECONSIDERATION AND RELIEF FROM JUDGMENT ON MOTION FOR ATTORNEYS' FEES**

Movant Lite DePalma Greenberg, LLC ("LDG) hereby moves, under Federal Rules of Civil Procedure 59(e) and 60(b), for reconsideration and relief from the Court's September 29, 2015 Order on Plaintiffs' Motion for Attorneys' Fees. *See* ECF Docs. 116 (Motion) and 124 (the "Order"). In the Order, the Court found, *inter alia*, that Defendants Hangtime, Inc. and Buc Mobile, Inc. ("Defendants") are not obligated to pay the fees of Lite DePalma Greenberg, LLC, which were included in Class Counsel's fee petition. The Court based its ruling on language in the Settlement Agreement that "Hangtime agrees to pay reasonable attorneys' fees and costs to Class Counsel in an amount to be determined by the Court as the Fee Award upon petition by Class Counsel." ECF Doc. 96, Exhibit B, at ¶ 7.1. LDG submits that such a restrictive interpretation of the agreement was at no time contemplated by the parties to the Settlement Agreement. In fact, at all relevant times, Hangtime was well aware of LDG's participation and ongoing work in this case.

Preventing LDG from recovering any of its attorneys' fees would be fundamentally unfair, given that work undertaken by the firm was specifically authorized by the firms serving

as Class Counsel and resulted in a common benefit to the Class. Class Counsel specifically included those fees in its fee petition. For this reason, though the Settlement Agreement provides that fees are to be paid *to* Class Counsel, those fees should include the fees requested *by* Class Counsel, including LDG's fees. LDG thus respectfully requests that the Court reconsider this aspect of its Order and grant reasonable attorneys' fees to LDG in the amount of $78,487.50. In the alternative, LDG requests that the Court direct its fees to be paid out of Class Counsel's fee award in an amount to be determined by the Court based on the relevant facts and circumstances.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2014, Ismael Salam, represented by LDG, filed a class action lawsuit against Defendant Hangtime, Inc., later amending the Complaint to include Defendant Buc Mobile, alleging violations of the Telephone Consumer Protection Act. *See* Docket No. 1:14-cv-1252, ECF Doc. 1. Over the next several months, LDG spent considerable time expounding, reviewing, and responding to written discovery and engaging in numerous meet and confers brought about by Hangtime's hostile litigation strategy, its refusal to enter into a stipulation pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891, 893 (7th Cir. 2011) – common practice in this District – even after Judge Dow requested that the parties do so.

In addition, after Hangtime moved before the Judicial Panel on Multidistrict Litigation to transfer the *Goodman, Sims,* and *Salam* matters to the Northern District of California (a motion it ultimately lost), Katrina Carroll of LDG traveled to Louisville, Kentucky in October 2014 to represent Plaintiffs and the putative Class at the JPML hearing. Ms. Carroll's representation of Plaintiffs before the JPML was specifically agreed to and authorized by the firms ultimately appointed as Class Counsel in this case.

Subsequently, on October 31, 2014 – in response to the Honorable Elaine E. Bucklo's order consolidating the *Salam* action with the instant *Goodman* action, ECF Doc. 42 – the Consolidated Class Action Complaint was filed. ECF Doc. 46. When preparing to file the Consolidated Class Action Complaint, in consultation with other Plaintiffs' counsel ultimately named as Class Counsel, and since the action already included an Illinois Plaintiff (Goodman), Mr. Salam was not named as a plaintiff in the Consolidated Action. Salam was ultimately voluntarily dismissed without prejudice in December 2014. ECF Doc. 70.

Nevertheless, LDG continued to vigorously litigate this case on behalf of the remaining Plaintiffs. The work LDG performed was reflected in Plaintiffs' Motion for Attorneys' Fees and the time sheets annexed thereto. *See* ECF Doc. 116 and accompanying exhibits. In large part, that work represented time spent successfully representing Plaintiffs in the face of Hangtime's wasteful and unnecessary MDL proceeding, but even after the MDL, LDG continued to expend time and resources actively prosecuting this matter on behalf of the Class with the understanding that it would be compensated for that time.

This understanding was not without foundation. Following consolidation, all of Plaintiffs' filings with the Court listed the three firms representing the Plaintiffs (Edelson, P.C., Pastor Law Offices, and LDG) as counsel for Plaintiffs and the putative class, with no distinction between the firms as Lead, Class, or Liaison Counsel. It was not until the filing of Plaintiffs' motion for preliminary approval of the settlement class on May 20, 2015, ECF Doc. 96 – more than a year after the *Salam* action was filed and ten months after consolidation with *Goodman* – that the distinction between "Class Counsel" and "Liaison Counsel" entered the vernacular of this case. And, even then, the motion for preliminary approval, rather than leaving LDG

3

completely out of the fold, requested its appointment as Liaison Counsel. *Id.*, at 28; *see also* Exhibit A, at ¶ 15 ("Edelson PC, Pastor Law Office LLP, and Lite DePalma Greenberg LLC have committed substantial resources to the prosecution of this case, by, for example, investigating the claims of Plaintiffs and the Settlement Class, performing extensive discovery, aggressively pursuing Plaintiffs' claims through motion practice by defeating Defendants motion to consolidate and transfer, defeating Defendants motions to dismiss, prevailing on a motion to compel, and engaging in settlement discussions to ensure that the settlement is fair and reasonable").

Indeed, even the Court's Preliminary Approval Order, after appointing Edelson P.C. and Pastor Law Offices as "Class Counsel" and LDG as "Liaison Counsel," directed Class Counsel to provide Defendants with "time and work records on which the motion [for attorneys' fees] will be based," including "the hourly rates that will be claimed for *each* lawyer, paralegal, or other person." ECF Doc. 108, at 4 (emphasis added). The Court also ordered that "[i]f Class Counsel *or other billers* have performed any legal work on an hourly basis during the period covered by the motion, Class Counsel shall provide representative business records sufficient to show the types of litigation in which such hourly rates were paid and the rates that were paid in each type." *Id.* (emphasis added). Thus, even under the Court's preliminary approval order, the parties maintained the understanding that although attorneys' fees would be paid *to* Class Counsel, compensation would not be limited solely to the work performed *by* Class Counsel. Had the inverse been true, Plaintiffs' counsel would certainly have amended the definitions to ensure that both Class and Liaison Counsel would be entitled to recover fees for their work on this case.

4

At no point up to and including the filing of Plaintiffs' motion for preliminary approval did Defendants give any indication of their position that LDG would not be entitled to any fees. This is not surprising, as Defendants have been fully aware of LDG's participation in this matter at all times, including LDG on all pertinent correspondence and engaging in back and forth discussions on the case up through the parties' fee negotiations. Indeed, Hangtime conceded in its opposition to Plaintiffs' motion for attorneys' fees that it had offered not to contest $7,992 in fees for the "Goodman JPML/MDL Proceedings" – work performed by LDG. *See* ECF Doc. 115, at 9.

## **ARGUMENT**

**I.    Legal Standard**

   A.    *Standard for Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e)*

"To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

   B.    *Standard for Motion For Relief from Judgment Under Fed. R. Civ. P. 60(b)*

Pursuant to Rule 60(b), the Court may relieve a party from a final judgment based upon, *inter alia*, "(1) mistake, inadvertence, surprise, or excusable neglect," or under the catch-all provision, "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). A Rule 60(b) motion "must be made within a reasonable time" and, for relief under subsection (1), the motion

must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rule 60(b) is to be liberally construed when warranted by the circumstances. *See, e.g., Kreft v. Fisher Aviation, Inc.*, 264 N.W.2d 297, 306 (Iowa 1978) (noting "[t]he liberal policy of the federal courts in applying rule 60(b)"). The determination of whether neglect is excusable, for purposes of a motion for relief from judgment, is an equitable one, taking account of all relevant circumstances surrounding the party's omission. *See Jennings v. Rivers*, 394 F.3d 850 (10th Cir. 2005). "All that is required to be shown is that the fault was excusable and that there is merit in the petitioner's appeal to the court for judicial relief." *U.S. for Use of Kantor Bros. v. Mutual Const. Corp.*, 3 F.R.D. 227, 288 (E.D. Pa. 1943).

**II.     The Award of Attorneys' Fees is Not Limited to Work Performed by Class Counsel**

The Settlement Agreement approved by the Court provides that "Hangtime agrees to pay reasonable attorneys' fees and costs to Class Counsel in an amount to be determined by the Court as the Fee Award upon petition by Class Counsel." ECF Doc. 96, Exhibit B, at ¶ 7.1. There is no limiting language concerning *who* has to perform the work that is being compensated. Rather, the Settlement Agreement specifies who is to be paid (Class Counsel), and what they should be paid (reasonable attorneys fees determined by the Court as the Fee Award). However, both Defendants and the Court ultimately read this language to mean that Defendants agreed only to pay fees for work actually performed by Class Counsel.

Plaintiffs submit that this reading is contrary to the express terms of the Settlement Agreement and well-settled law holding that attorneys' fees are not, and should not be, limited to the time billed by "Class" or "Lead" Counsel. *See, e.g.,* Manual for Complex Litigation, MCL-4th § 14.11 (noting, in context of common fund settlement, that "[t]he court must distribute the

6

fund among the various plaintiffs' attorneys, which may include class counsel, *court-designated lead and liaison counsel*, and individual plaintiff's counsel") (emphasis added); *In re City of New York*, 2011 U.S. Dist. LEXIS 152728, *35 (E.D.N.Y. Dec. 2, 2011) ("In making determinations about compensation for 'lead' counsel, the work provided by other attorneys who contributed work of common benefit should also be taken into account") (citing *Consolidated Edison Co. of New York, Inc. v. Bodman*, 445 F.3d 438, 443 (D.C. Cir. 2006)); *Walitalo v. Iacocca*, 968 F.2d 741, 747 (8th Cir. 1992) (holding that district court that appointed lead and liaison counsel had the authority to determine the amount of their compensation); *Smiley v. Sincoff*, 958 F.2d 498, 502 (2d Cir. 1992) ("fee arrangements ordered by district courts attempt to compensate attorneys in accordance with the time and effort expended").

It is routine for other attorneys and support staff who work with and at the direction of named Class Counsel to be included in the calculation of attorneys' fees. *See In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 886 F. Supp. 445, 469 (E.D. Pa. 1995) (noting that Class Counsel's use of over 80 attorneys and paralegals was justified, and that "the use of [] additional employees also allowed simpler tasks to be delegated to lawyers and paralegals charging lower rates than lead attorneys."); *see also In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.,* 295 F.R.D. 438, 461-62 (C.D. Cal. 2014) (noting that "clearly, a 'reasonable attorney's fee' cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work performed of an attorney.") (internal citation omitted). The fact that the Settlement Agreement directs fees to be paid "to" Class Counsel does not alter this analysis. In fact, there is authority for a court, under certain circumstances, to award a lump sum fee to class counsel under the

7

lodestar approach and then to permit counsel to divide this lodestar-based fee among themselves. *See In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 216, 223 (2d Cir. 1987).

Here, Plaintiffs' counsel drafted and entered into the Settlement Agreement based on the understanding that the Agreement, by its very terms, included provisions for reasonable attorneys fees to be paid to Class Counsel based on the work of *both* Class and Liaison Counsel, and for the fees to be apportioned accordingly based on the relative time and effort expended. Nothing in the Settlement Agreement contradicts this understanding of its terms. Accordingly, LDG respectfully submits that the Order should be amended under Fed. R. Civ. P. 59(e) to the extent it found that Defendants are not obligated to pay the fees of attorneys other than Class Counsel. If it is not, LDG will be entitled to nothing for the 130+ hours it put into litigating these consolidated cases and achieving an excellent result for the Class.

In the alternative, LDG respectfully submits that it should be relieved from this aspect of the Order under Fed. R. Civ. P. 60(b). At all relevant times, it was the intention of Plaintiffs' counsel to retain the ability to request fees for *all* work reasonably performed by both Class and Liaison Counsel. To the extent the Court construes the terms of the Settlement Agreement to only allow only compensation for the work Class Counsel personally performed, the ambiguity in those terms is a result of mistake, inadvertence, or excusable neglect under subsection (b)(1). *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009) ("[a]n inadvertent 'mistake' that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances"). Certainly the actions of LDG in investing dozens and dozens of hours in this case – including traveling to and from Louisville, Kentucky and arguing before the Judicial Panel on Multidistrict Litigation on behalf of Plaintiffs and the Class, work specifically authorized and assigned by Class Counsel and that Hangtime previously agreed not to contest – reflect its intent that it would

be compensated for those efforts. *Lakeview Collection, Inc. v. Bank of Am., N.A.*, 942 F. Supp. 2d 830, 842 (N.D. Ill. 2013) ("the primary objective in construing a contract is to give effect to the intent of the parties"); *see also In re Yasmin & Yaz (Drospirenone) Mktg.,Sales Practices & Prods. Liab. Litig.,* 2010 U.S. Dist. LEXIS 22361, *20 (S.D. Ill. Mar. 8, 2010) (holding that attorneys' fees could be awarded for "work that is authorized and specifically assigned by the co-lead or liaison counsel").

LDG also submits that relief is warranted under Rule 60(b)(6), which allows for the Court to set aside an order for "any other reason that justifies relief," including circumstances demonstrating that the underlying judgment is unjust. *See West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007). Though the circumstances underlying the relief must be "extraordinary," LDG believes that it meets that bar here. LDG's hard work in this case was predicated on the expectation that it would receive fair compensation for its time, and Plaintiffs believed that the Settlement Agreement offered to the Court adequately provided for that. In determining that LDG is entitled to nothing, the Court's Order rendered an unjust result that failed to adequately reimburse LDG for advancing this litigation from inception to settlement, particularly in view of the authority discussed above noting that compensation for Liaison Counsel's work is not only reasonable but the general practice in class action litigation. In re Linerboard Antitrust Litig., 292 F. Supp. 2d 644, 653 (E.D. Pa. 2003) ("A necessary corollary to court appointment of lead and liaison counsel . . . is the power to assure that these attorneys receive reasonable compensation for their work"); Alba Conte & Herbert Newberg, Newberg on Class Actions § 9:33 (4th ed. 2002) (providing that "liaison counsel is usually entitled to be compensated for liaison functions").

### III.  In the Alternative, the Court Should Direct that LDG by Paid Reasonable Attorneys' Fees From the Fees Apportioned to Class Counsel

9

Assuming, *arguendo*, that the Court declines to grant LDG's reasonable lodestar in this matter in addition to the fee award to Class Counsel, LDG requests that the Court order its fees to be paid out of those fees previously awarded to Class Counsel. This alternate arrangement comports with the general practice to compensate liaison counsel for work performed, even in the absence of an express fee agreement. *See State of N.J. Dep't of Envtl. Prot. v. Gloucester Envtl. Mgmt.*, 138 F.R.D. 421, 428 (D.N.J. 1991) ("This court has the clear authority . . . to require parties to compensate Liaison Counsel for administrative services and expenditures on behalf of the group's members"). Under this method, LDG would be entitled to a portion of the Class Counsel fees in an amount to be determined by the Court, taking into consideration LDG's contributions to this litigation and the reasonable time and effort expended. *See In re City of New York*, 2011 U.S. Dist. LEXIS 152728, at *35; *Walitalo*, 968 F.2d at 747; *Smiley*, 958 F.2d at 502.

## **CONCLUSION**

For the reasons set forth above, LDG respectfully requests that, pursuant to Fed. R. Civ. P. 59(e), the Court alter or amend its September 29, 2015 Order on Plaintiffs' motion for attorneys' fees – or provide relief from that Order under Fed. R. Civ. P. 60(b)(1) and/or (6) – to allow LDG to recover $78,487.50 in reasonable attorneys' fees. In the alternative, LDG requests that the Court direct that LDG be paid reasonable fees for acting as Liaison Counsel out of the fees awarded to Class Counsel in this matter, in an amount to be determined by the Court.

Dated: October 27, 2015
Chicago, Illinois

**LITE DEPALMA GREENBERG, LLC**

*/s/ Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
211 West Wacker Drive, Suite 500
Chicago, IL 60606
(312) 750-1265